**Gary David NELSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 20411.

United States Court of Appeals
Ninth Circuit.

April 4, 1967.

Paul Briefer, San Francisco, Cal., for appellant.

John K. Van de Kamp, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief Crim. Div., Michael D. Nasatir, Burt S. Pines, Gerald Wilmer, Asst. U.S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge:

The record here contains abundant evidence of the participation of Gary Nelson and John Wilder in the robbery on January 25, 1965, of the Surety National Bank at Encino, California. The evidence as to Nelson was largely circumstantial, but convincing. Of this robbery, both were convicted.

It would appear that at least Wilder was involved in six bank robberies in the Los Angeles area between December 18, 1964, and January 25, 1965. For all six offenses, Wilder and Nelson were jointly indicted and tried. Before the state rested, it moved to dismiss all of the counts as to Nelson except the sixth; the Surety National robbery. As to Wilder, the jury verdict was guilty as to all six counts and as to Nelson the verdict was guilty as to the Surety National robbery, the only count left against him.

Nelson appeals his conviction. We affirm.

Just after the jury was selected, Nelson moved for a severance. At the time of the motion, the question had to be judged as the situation then existed. Certainly nothing then suggested any impropriety in the joint trial of all counts as to both defendants. Even after the trial was done, there is no indication of bad faith in making the joinder.

In his first five robberies, Wilder had a confederate, just as he did in the sixth. The plan of each was similar.

The government had good reason to believe Nelson was an associate on the other five. But before it finished, it had to acknowledge on the first five counts it did not have sufficient proof as to Nelson. Therefore, it dismissed those counts. When this occurred, Nelson's separate counsel did not renew his motion to sever. Williamson v. United States, 9 Cir., 310 F.2d 192. The record does not indicate any incompetence in not renewing the motion. The mere presence of Wilder could do Nelson no good, but the evidence as to Wilder was effectively restricted as to him and did not implicate Nelson on the first five counts.

We find our recent joinder case of Metheany v. United States, 9 Cir., 365 F.2d 90, readily distinguishable. There we had one count against defendant Dotson alone and five counts against defendant Metheany alone. The two were jointly charged in no count. The common thread was only that their acts affected the same bankrupt estate, hardly a transaction under Rule 8(b) of the Federal Rules of Criminal Procedure. McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355, would still appear to be good law and we here find nothing offending it.

Our examination of the record indicates the claim of coercion of admissions is without merit. The search of Nelson's apartment, to which exception is taken, was made pursuant to a free invitation. Further, we find no support for the contention that Wilder's confession (admitted against Wilder only) was illegally obtained or that arraignment was unreasonably delayed. The state officers made the arrests and rather promptly turned the defendants over to the federal authorities. See Muldrow v. United States, 9 Cir., 281 F.2d 903.

We find the attack on Nelson's retained counsel for inadequacy not well taken. He did very well with a bad set of facts.

Other points asserted by Nelson, we have examined and find no merit in them.

Judgment affirmed.