**Gary David NELSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20411.**

United States Court of Appeals,
Ninth Circuit.

March 26, 1970.

Certiorari Denied June 29, 1970.
See 90 S.Ct. 2270.

Paul Briefer (argued), San Francisco, Cal., for appellant.

Gerald Uelmen (argued), Edward J. Wallin (argued), Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

■ On June 10, 1968, the Supreme Court, noting its decision earlier that day in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, vacated the judgment of this court, affirming Nelson's conviction of bank robbery [Nelson v. United States, 375 F.2d 739 (9th Cir. 1967)] and remanded the case for "further consideration in light of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476." Nelson v. United States, 392 U.S. 303, 88 S.Ct. 2062, 20 L.Ed.2d 1109 (1968). Consistent with that direction this court referred the matter to the district court, which held a hearing and entered findings. The trial judge found that the confession of Wilder, Nelson's co-defendant, was rendered innocuous because the narrative statements neither mentioned Nelson's name nor served to earmark or single out any particular person as Wilder's associate. The judge concluded that the Bruton rule was inapplicable and denied a new trial. This appeal is from that denial.

The record, in our opinion, supports the findings and conclusion, for the confession did little more than reveal that Wilder was aided and abetted by an accomplice, a fact about which there was no dispute.

■ However, even if the purported statements may or might have contained a suggestion of Nelson's identity and should not have been admitted, we nevertheless conclude that their introduction into evidence was harmless error.

The record, in our opinion, also discloses overwhelming proof, independent of the confession, that Nelson was the one who cooperated with Wilder in committing the robbery. In this view, we apply the principle announced in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); there the Court rejected petitioner's argument "that we must reverse if we can imagine a single juror whose mind might have been made up because of Cooper's and Bosby's confessions and who otherwise would have remained in doubt and unconvinced" and declared "Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the two confessions on the minds of an average jury." (p. 254, 89 S.Ct. p. 1728).[1]

---

1. The Court in *Harrington* observed that the case against Harrington "was not woven from circumstantial evidence"; *id.* p. 254, 89 S.Ct. p. 1729. Here it is. However, we do not conceive this mere difference in type renders the Harrington test inapplicable. It has been frequently judicially noted that a fact established by circumstantial evidence is more likely to be true than one founded on direct evidence, and in a given case may be infinitely more persuasive. In the celebrated decision of Commonwealth v. Webster, 5 Cush. (Mass.) 295, 52 Am.Dec. 711 (1850), Chief Justice Shaw declared: "The advantage of positive evidence is that it is the direct testimony of a witness to the fact to be proved who, if he speaks the truth, saw it done; and the only question is whether he is entitled to belief. The disadvantage is that the witness may be false and corrupt and that the case may not afford the means of detecting his falsehood. * * * The advantages (of circumstantial evidence) are that, as the evidence commonly comes from several witnesses and different sources, a chain of circumstances is less likely to be falsely prepared and arranged and falsehood and perjury are more likely to be detected and fail of their purpose. The disadvantages are that a jury has not only to weigh the evidence of facts but to draw just conclusions from them; in doing which they may be led by prejudice or partiality or by want of

Nelson's remaining point concerns the ruling of the district court, denying his motion for severance made at the beginning of the trial. The issue was raised on the earlier appeal and decided against him. Nelson v. United States (*supra*). Our conclusion that Nelson was not prejudiced by the admission of Wilder's confession fortifies the validity of that prior determination.

The judgment is affirmed.

due deliberation and sobriety of judgment to make hasty and false deductions,

a source of error not existing in the consideration of positive evidence "