**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James KRESS, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert J. TROY, Defendant-Appellant.**
**No. 26364.**

United States Court of Appeals,
Ninth Circuit

July 15, 1971.

---

7. See note 4, *supra*.

Richard D. Totter (argued), San Francisco, Cal., for defendant-appellant Kress.

Frank E. Sieglitz (argued), San Francisco, Cal., for defendant-appellant Troy.

Paul Fitzpatrick, Asst. U. S. Atty. (argued), Jerry K. Cimmet, Asst. U. S. Atty., F. Steele Langford, Chief, Crim. Div., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and CURTIS,* District Judge.

CURTIS, District Judge:

Appellants Kress and Troy, together with their accomplices, Dougherty and Sheffield, were indicted for armed robbery in violation of Title 18 U.S.C. § 2113(a) (d). Dougherty and Sheffield pleaded guilty, while the appellants were found guilty by a jury and sentenced to 20 years each. It is from this conviction that they now appeal.

The appellants first contend that they were denied a speedy trial and that their motion to dismiss on that ground should have been granted by the trial court.

The record shows that the offense for which the appellants were convicted was committed on September 27, 1968. They were indicted on December 4, 1968, and bench warrants for their arrest issued that day. At that time appellants were in custody in New Jersey awaiting trial on a charge of robbery and murder growing out of a bank robbery there. On December 12, 1968, and again on May 19, 1969, the United States Attorney in San Francisco attempted to institute trial proceedings in New Jersey under Rule 20, F.R.Crim.P. On May 23, 1969, the United States Attorney was advised that appellants were not agreeable to Rule 20 proceedings. During this time, on or about March 30, 1969, appellants had written to the United States Attorney requesting to be speedily brought to trial. In June 1969, appellants escaped from custody and remained at large until around the beginning of September. The United States Attorney again sought to proceed under Rule 20, this time through the Eastern District of Pennsylvania, where appellants had been apprehended; he was informed that appellants had since been returned to New Jersey.

On February 6, 1970, the United States Attorney in San Francisco was notified that appellants had been sentenced on the New Jersey charges. He once again sought to proceed under Rule 20, but appellants were again unwilling. Consequently, on March 17, 1970, a writ of habeas corpus ad prosequendum was sworn out, and appellants were brought to the Northern District of California pursuant to the writ. They made their initial appearance on April 3, 1970; several continuances sought by appellants were granted; the case was set for trial on May 18, 1970; and appellants were sentenced on June 15, 1970.

* Jesse W. Curtis, United States District Judge, Central District of California sitting by designation.

■ Over a year and a half passed from the date of the indictment until sentencing of appellants in this case. "Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances." Pollard v. United States, 1957, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393, quoted in United States v. Ewell, 1966, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627. Under the circumstances of this case, we can find no infringement of appellants' right to a speedy trial.

The appellants next contend that certain evidence, admitted against them, was obtained as the result of an unlawful search and seizure. The evidence was found and seized by an FBI agent October 5, 1968, during a search of an apartment previously occupied by the appellants. They had rented it September 14, 1968, and had prorated the rent to Oct 1, 1968. Since further rent was due October 1 and was not paid, the manager testified that he waited until October 3 and when no rent had been paid entered the apartment to see whether or not the tenants had left. Upon doing so, he saw that there were no clothes in the apartment, the keys were lying on the table and some things were strewn about. He concluded that the apartment had been abandoned and on the evening of October 5, 1968, so informed the FBI agent and gave his consent to the search. Appellants contend that under California law the appellants had a month-to-month tenancy, which could not be terminated without giving notice as required by statute. But, appellants admit that Fourth Amendment protection ceases if the premises were, in fact, abandoned. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

■ The evidence before the trial court amply supported a finding of abandonment. The items found at the apartment indicated clearly that the robbers had used the apartment as a place to stay while casing the bank and a place to go immediately after the bank robbery in order to divide the proceeds. The keys were left on the table and the occupants never returned. We hold that the search was not unlawful and that the evidence received was properly admitted.

■ Appellants then argue that admission of Troy's confession, made to a police officer, was error, although each urge different reasons therefor. The appellant Kress says that it was inadmissible against him under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), because of its reference to him. However, before the confession was admitted, the assistant United States Attorney informed the court, out of the hearing of the jury, that the witness had been instructed to omit all references to Kress by name or innuendo. Appellant points out, however, that in a few instances the confession, as related by the witness, referred to Troy and some unnamed person other than Troy as "they", and also indicated that the proceeds from the bank robbery were "divided" between Troy and someone. He complains that these references, in the light of the government's argument that he was the "other person", were prejudicial to him in a manner prohibited by Bruton. But other evidence established without contradiction that there was more than one robber and the references to which Kress objects go no further. We hold that the confession was innocuous in so far as it relates to this appellant. See Nelson v. United States, 425 F.2d 188 (9th Cir. 1970). Further, Kress' counsel made no objection to the admission of the confession at the time of the trial, nor did he ask for an instruction to the effect that Troy's confession was not admissible against Kress, obviously because he was content that the Bruton rule was not violated.

■ Kress further urges that although the court gave the jury a proper cautionary instruction just before the confession was admitted, it was not included with the instructions given at the close of the case. Applicant did receive

the benefit of the court's instruction when he needed it most, and the court's failure to give the instruction again at the close of the case, if error, was harmless beyond a reasonable doubt.

■ Appellant Troy contends that his interrogation by an agent of the FBI in Philadelphia, after a *Miranda* warning, but in the absence of his attorney, no request therefor having been made, violated Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). However, Coughlan v. United States, 391 F.2d 371 (1968); Reinke v. United States, 405 F.2d 228 (1968); United States v. Dowells, 415 F.2d 801 (1969), all Ninth Circuit cases, hold to the contrary.

■ Appellant Troy says that his confession was not voluntary, but in so doing he is merely re-arguing the credibility of the Philadelphia agents. Based upon their testimony, the trial judge found that Troy saw, read and understood the *Miranda* form and was fully advised of his rights. The court concluded that his waiver was voluntary. We agree.

■ Appellant Troy next claims the court erred in refusing to give an instruction [1] which his attorney proposed on voluntariness based upon the elements of a *Miranda* warning. It was not a proper instruction for it did not include all the factors which the jury should consider in determining voluntariness, and the court was justified in refusing to give it. Little v. United States (9th Cir. 1969) 417 F.2d 912, 915. The standard instruction on voluntariness was given and the court offered to instruct the jury further, including the elements of the *Miranda* warning, if counsel would prepare a proper one for this purpose. No such instruction was presented. We hold this contention to be without merit.

■ Appellants, lastly, argue that although they were convicted of § 2113(a) (d) [robbing a national bank and putting in jeopardy the life of a person by the use of a dangerous weapon] and although there was evidence that one or more of the alleged robbers was carrying an object resembling a dangerous weapon, there is no evidence that appellants, personally, assaulted anyone with a dangerous weapon. But Title 18 U.S.C. § 2 provides in part as follows:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

There is abundant evidence to support a finding that one or more of the robbers put in jeopardy the lives of persons present during the robbery and that the others all aided and abetted the commission and the offense.

Other claims of error raised by the appellants are without merit.

For the foregoing reasons the conviction as to both appellants is affirmed.

---

[1].     INSTRUCTION
ADMISSIONS AND CONFESSIONS
MIRANDA RULE

Before you take into consideration as evidence the statement allegedly made to the Government agent by the defendant ROBERT J. TROY you must first find that before making the statement:

(1) Defendant was informed he had a right to remain silent and that anything he said could be used against him;

(2) Defendant was informed he had a right to have counsel present at the interview; and

(3) Defendant was informed if he could not afford counsel, counsel would be furnished him without cost before any interview.

If no counsel was present at the time the alleged statement was made by the defendant, the Government must prove to your satisfaction beyond a reasonable doubt that the defendant intelligently and understandingly waived the right to have counsel present at the interview.

In addition to making the foregoing findings, before you take into consideration the alleged statement in evidence you must also find that the statement was voluntary in accordance with the other instructions given to you, recalling that any statement made outside of court should be considered with caution and weighed with great care.

ROBERT J. TROY'S PROPOSED INSTRUCTION No. ——.