**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jack W. TRIPP, Defendant-Appellant.**

**No. 72-1629.**

United States Court of Appeals,
Ninth Circuit.

Oct. 24, 1972.

Certiorari Denied Jan. 22, 1973.

See 93 S.Ct 965.

Murray B. Guterson (argued), of Culp, Dwyer, Guterson & Grader, Seattle, Wash., for defendant-appellant.

Jerald Olson, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and SOLOMON, District Judge.*

SOLOMON, District Judge:

Jack W. Tripp, appellant, was convicted of possession of property stolen from the United States mails (18 U.S.C. § 1708) in a court trial. The sole issue here is whether the trial judge erred in denying Tripp's motion to suppress evidence seized without a warrant.

The facts are not in dispute. On March 25, 1971, the Federal Reserve Bank in Seattle, Washington, sent by registered mail $80,000 in new ten dollar bills to the Alaska National Bank of Fairbanks. When the money arrived, it was placed in a safe at the Fairbanks, Alaska, Post Office. On the following morning the money was gone.

Six months later, when a ramp serviceman for Alaska Airlines at Fairbanks

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

checked freight for damage, he shook a package and heard what he thought was broken glass. He took the package to the airline agent who saw that it was addressed to Fairbanks Office Supply Co., one of the airline's large accounts. The agent told the serviceman to open the package and check it for damage. The package contained a framed Norman Rockwell print. When the agent attempted to shake out the broken glass, he found some ten dollar bills protruding from the backing of the frame. When he removed the backing he discovered a substantial number of ten dollar bills. He took the package and its contents to Mr. Westphalen, the air freight supervisor for Alaska Airlines.

The consignee of the package was "Fairbanks Office Supply Co., Attention Bill Sparks." Mr. Westphalen knew that Sparks was a former Postal Inspector at the Fairbanks Post Office, and he knew that the shipper, Jack Tripp, had formerly been the Postmaster at that post office. He also knew of the postal theft.

Westphalen attempted to call the FBI in Fairbanks and, when unsuccessful, called the FBI in Anchorage. An agent there instructed Westphalen to record the serial numbers of the bills. Postal Inspectors were immediately sent to the airline office to investigate. Mr. Devere, one of the inspectors, was investigating the March robbery. Before he arrived at the airline office, Devere spoke to the FBI agent in Anchorage and was told the circumstances which led to the discovery of the bills. He was also told that some of the serial numbers obtained by Westphalen matched those which were part of the March 25, 1971, inventory at the Seattle Federal Reserve Bank. The Postal Inspectors arrived at the airline offices, signed a delivery receipt for the package and took possession of its contents. Neither the FBI nor the Postal Inspectors obtained a warrant authorizing the seizure of the goods.

Tripp argues that the seizure was unlawful for lack of a proper warrant. His claim is based on cases dealing with unlawful searches [e. g., Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Corngold v. United States, 367 F.2d 1 (9th Cir. 1966)].

■ The search in the present case was not unlawful. The principal object of the Fourth Amendment is to protect citizens from governmental invasion of privacy. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Here neither the FBI nor the Postal Inspectors instigated this inspection. Tripp's "privacy" was invaded, not by government, but by the private inspection of his package by the airline. He does not question the right of the airline to inspect his package. The discovery of the contraband was the inadvertent result of a lawful private search. The money was in plain view after the package was opened.

■ Mr. Westphalen called the FBI on his own initiative immediately after the money was discovered. Under similar facts, the Sixth Circuit recently ruled that a warrant is not required before the police may seize the contraband. United States v. Winbush, 428 F.2d 357 (6th Cir. 1970). When the money was seized, it was in plain view of the Postal Inspectors who were lawfully on the premises of Alaska Airlines. Under these circumstances a warrantless seizure does not violate the Fourth Amendment. Coolidge v. New Hampshire, *supra*.

The judgment of conviction is affirmed.