**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gary LaVaughn WILSON, Defendant-
Appellee.**

**No. 72–1907.**

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1972.

Rehearing Denied Feb. 12, 1973.

Garvin Lee Oliver, Atty. (argued),
Robert Keuch, Atty., A. William Olson,
Asst. Atty. Gen., Dept. of Justice, Washington, D. C., William C. Smitherman,
U. S. Atty., Ann Bowen, Asst. U. S.
Atty., Tucson, Ariz., for plaintiff-appellant.

Percy L. Julian, Jr. (argued), Madison, Wis., Robert Hirsch, of Messing,

Hirsch & Franklin, Tucson, Ariz., for defendant-appellee.

Before CHOY and GOODWIN, Circuit Judges, and JAMESON, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

The United States appeals from an order suppressing certain explosive devices held by the government as evidence in a pending prosecution for violation of 18 U.S.C. § 371 (conspiracy) and 26 U.S.C. § 5861(d) (unlawful possession of firearms).

Wilson was a tenant in an apartment owned by one Schwark. Wilson paid his rent on a weekly basis, but with indifferent punctuality. On Monday February 15, 1971, when Wilson was more than two weeks late with his rent, Schwark asked neighbors about Wilson's whereabouts. Schwark learned that Wilson had moved out and that it was uncertain whether he would return. Schwark then decided to repossess the apartment. When he went to Wilson's apartment the door was standing open. The apartment was in disarray. Lying about were some old clothing, a television set, pipe bombs, blasting powder, and impact fuses. Understandably perturbed, Schwark nailed the door shut and phoned the police. The next day a special agent of the Federal Bureau of Investigation took possession of the explosives. A few days after the FBI had seized the explosives, agents procured a search warrant, returned to the apartment, and seized still more evidence.

■ The district court allowed the motion to suppress all the evidence, in the belief that Arizona landlord-tenant law determined the rights of Wilson and the government. The court reasoned that Wilson had not been lawfully evicted; he retained the right to possession of the apartment; he had standing to object to the search; and, without his consent, the landlord had no right to permit an FBI agent to enter the room. We reverse and remand, because we hold that local law of real property does not provide the exclusive basis upon which to decide Fourth Amendment questions.

■■ First, the question is not one of standing. The government argued standing, but Wilson had standing to move against the evidence. The crucial question is the legality of the search itself. If the landlord had a right to enter the room, then the initial discovery of the contraband was not illegal. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). If the property was abandoned, it was seizable. The *Abel* case does not teach that the defendant has no standing to object to a search and seizure of abandoned property, but that "[t]here can be nothing unlawful in the Government's appropriation of such abandoned property." 362 U.S. at 241, 80 S.Ct. at 698. Search or seizure of abandoned property, even without a warrant, is simply not unreasonable. United States v. Jackson, 448 F.2d 963, 971 (9th Cir. 1971), cert. denied Willis v. United States, 405 U.S. 924, 92 S.Ct. 970, 30 L.Ed.2d 796 (1972); United States v. Kress, 446 F.2d 358 (9th Cir.), cert. denied, 404 U.S. 947, 92 S.Ct. 304, 30 L.Ed.2d 264 (1971).

■ The proper test for abandonment is not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the articles alleged to be abandoned. Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). As Mr. Justice Frankfurter stated in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960):

"* * * We are persuaded, however, that it is unnecessary and ill-advised to import into the law surrounding the constitutional right to be free from unreasonable searches and seizures subtle distinctions, developed

---

* The Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

and refined by the common law in evolving the body of private property law which, more than almost any other branch of law, has been shaped by distinctions whose validity is largely historical * * *." 362 U.S. at 266, 80 S.Ct. at 733.

 Wilson urges that the rejection of Fourth Amendment distinctions based on property rights is a one-way street: that is, ancient rules of tenure and transfer of property may be rejected to increase, but never to decrease, Fourth Amendment protections. It is more accurate to look to the purpose of the Fourth Amendment. Privacy, rather than hereditaments, has motivated the recent decisions. Cases like *Jones* and *Katz* encourage a functional approach to the Fourth Amendment. The objective is protection of a justifiable expectation of privacy and freedom from governmental intrusion.

When Wilson departed his lodgings, leaving the door open and the rent unpaid, he should not have been surprised at his landlord's visit. The landlord saw explosives in plain view and considerable evidence of abandonment. The assumption of control of the premises by the landlord was not only reasonable; the failure to take control would have been unreasonable.

There is no indication in Abel v. United States, *supra*, that the checkout time had passed so as to deprive Abel of his property rights in a rented, but empty, room. And cases in this and other circuits have approved the no-reasonable-expectation-of-privacy test to find abandonment or have found abandonment where the defendant may have retained a property interest and perhaps could have "passed title" in the property searched. United States v. Pruitt, 464 F.2d 494 (9th Cir. 1972); United States v. Edwards, 441 F.2d 749 (5th Cir. 1971); United States v. Manning, 440 F.2d 1105, 1111 (5th Cir.) (dictum), cert. denied, 404 U.S. 837, 92 S.Ct. 125, 30 L.Ed.2d 69 (1971); Parman v. United States, 130 U.S.App.D.C. 188, 399 F.2d 559 (Burger, J.), cert. denied, 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968); Feguer v. United States, 302 F.2d 214 (8th Cir.) (Blackmun, J.), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962).

The case is remanded to the district court with instructions to vacate the order suppressing evidence. The landlord had a right to enter the rental unit. When he saw explosives, he had the right to call the police. Barnes v. United States, 373 F.2d 517 (5th Cir. 1967). There was no unlawful invasion of the premises prior to the discovery of the contraband, and the seizure of the contraband after its discovery required no warrant. United States v. Tripp, 468 F.2d 569 (9th Cir., 1972).

Remanded for further proceedings.