**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joshua KNEPPER, Defendant–**
**Appellant.**

No. 06–10658.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 2007.*

Filed Nov. 29, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument, *see* Fed. R.App. P. 34(a)(2), and denies as moot Knepper's unopposed motion to submit the case on the briefs.

Loretta A. Sheehan, Esq., USH–Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, for Plaintiff–Appellee.

Deanna S. Dotson, Esq., Kapolei, HI, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Joshua Knepper was convicted of being a felon in possession of a firearm, possession of methamphetamine with intent to distribute, and possession of marijuana. He filed four motions to suppress contraband found in his backpack on grounds of illegal arrest, illegal search, illegal seizure, and defective search warrant. Since the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

facts and procedural history are known to the parties, they are repeated herein only as necessary.

## I

First, Knepper argues that police lacked probable cause to arrest him for first-degree criminal trespass under Haw. Rev.Stat. § 708–813(1)(a) because his presence in the cottage where the backpack was found was lawful, and he had an innocent explanation for shutting and locking the front door as police approached and breaking and crawling out of a back window. However, the police were not required to prove beyond a reasonable doubt that Knepper had been lawfully evicted, *Hart v. Parks,* 450 F.3d 1059, 1067 (9th Cir.2006), or to "rule out all possibility of innocent behavior," *United States v. Holland,* 510 F.2d 453, 455 (9th Cir.1975). Based on the facts and circumstances known to the police at the time of arrest, including his former landlord's credible account that Knepper had vacated the premises and his suspicious behavior at the scene, there was probable cause to believe Knepper was trespassing in the cottage. Therefore, the district court did not err in denying his motion to suppress for illegal arrest.

## II

Second, Knepper claims that the warrantless search of the bedroom where his backpack was recovered was illegal. The district court found that Knepper had abandoned the cottage and thus lacked an expectation of privacy in his former bedroom. The district court's determination of abandonment is a factual finding reviewed for clear error. *See United States v. Nordling,* 804 F.2d 1466, 1469 (9th Cir. 1986). Given the ramshackle appearance of the bedroom, as well as the lack of personal effects and other signs of recent habitation, the district court's finding of abandonment was not clearly erroneous. *See United States v. Sledge,* 650 F.2d 1075, 1082 (9th Cir.1981). Hence, "both the landlord and the officer[ ] acted reasonably in relying on the appearance of abandonment" in conducting the search of his former bedroom. *Id.*[1] Since Knepper lacked standing to contest the search of the abandoned bedroom, the district court properly denied the motion to suppress.

## III

Third, Knepper contends that the police illegally seized the backpack from the cottage, since it was not within his wingspan at the time of arrest and there was no contraband in plain view.[2] According to Knepper, the police should have left the backpack in the cottage after he was arrested rather than taking it to the station for safekeeping. The district court held that the police were justified in securing the backpack, since leaving it in the cottage "would have been reckless," and police were acting pursuant to departmental policy. We agree that "the police

1. Knepper counters that he was in the process of moving out, and that he retained a property interest under Hawaii landlord-tenant law because he had not yet been formally evicted. However, we note that "a defendant's own and in part self-serving retrospective characterization of his state of mind with respect to the question of intention to return is not simply and automatically dispositive of the issue," *Sledge,* 650 F.2d at 1077 n. 1, and that the "local law of real property does not provide the exclusive basis upon which to decide Fourth Amendment questions," *United States v. Wilson,* 472 F.2d 901, 902 (9th Cir. 1973).

2. Knepper also argued in his motion to suppress that police unreasonably interfered with his possessory interest in the backpack by retaining it for eight hours pending a warrant while he was in custody. Since he failed to raise this issue in his opening brief, we deem it waived. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

procedures to protect the arrestee's belongings were appropriate caretaking functions" and "protected the police against charges of dishonesty or negligence that might have arisen had the arrestee's property disappeared." *United States v. Scott*, 665 F.2d 874, 877 (9th Cir.1981). Since the police believed Knepper did not reside in the cottage, and Knepper failed to provide any alternative instructions, it was reasonable for the police to act pursuant to policy and to take the backpack for safekeeping. The district court's denial of the motion to suppress was not erroneous.

## IV

Finally, Knepper challenges the legality of the search of the backpack. He first argues that the canine sniff conducted at the station was an unlawful search without a warrant. However, "a canine sniff is not a 'search' under the Fourth Amendment and thus 'neither a warrant, nor probable cause, nor reasonable suspicion' is required for its use." *United States v. Todhunter*, 297 F.3d 886, 891 (9th Cir. 2002) (quoting *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir.1993)). Second, he argues that the search warrant was not supported by probable cause. He alleges that the affidavit supporting the warrant was defective because it failed to establish the canine's reliability. We disagree, since a magistrate construing the affidavit "in a common sense and realistic, rather than a hypertechnical manner" would conclude that the canine was trained and certified in narcotics detection and was thus reliable. *Id.* We have previously held that "[a] canine sniff alone can supply the probable cause necessary for issuing a search warrant if the application for the warrant establishes the dog's reliability." *Id.* Furthermore, we agree with the district court that probable cause for the

search existed independent of the canine sniff, since a witness had seen Knepper doing drugs in the cottage prior to his arrest, a search of the cottage did not yield any contraband, and Knepper was nervous and gave inconsistent statements when asked whether he owned the backpack. *See United States v. Koshnevis*, 979 F.2d 691, 695 (9th Cir.1992). The police reports attached to the search warrant setting forth these events supplied an independent basis for establishing probable cause that the backpack contained contraband. The district court's denial of the motion to suppress was not erroneous.

## V

The district court did not err in denying any of Knepper's motions to suppress. Accordingly, his conviction is

**AFFIRMED.**