**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30245 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00030-SAB-1 |
| v. | |
| RANDY ZACHERLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted February 9, 2017
Seattle, Washington

Before: FISHER, PAEZ and CALLAHAN, Circuit Judges.

Randy Zacherle was convicted for possessing child pornography in violation

of 18 U.S.C. § 2252A. He appeals that conviction, raising four arguments: (1) the

evidence of child pornography found on one of his laptops must be suppressed

because it was the product of an unreasonable search and seizure; (2) the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

government violated his privilege against self-incrimination by discussing his physical response to a single question during an interrogation in which he waived his right to remain silent; (3) a jury had to find beyond a reasonable doubt he was previously convicted for possessing child pornography; and (4) alleged sentencing guideline calculation errors must be reversed despite receiving the mandatory minimum sentence for his conviction. We have jurisdiction, and we affirm.

**1**

The district court did not err in finding Zacherle abandoned the laptop on which child pornography was found. *See United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986) ("A determination of abandonment is a factual finding that we review for clear error."). Zacherle left this laptop in Marianne Mosqueda's bedroom for three months without any instruction as to what she was to do with it and did not tell her anything about his whereabouts. That he was incarcerated during this absence is not dispositive. Zacherle could have asserted control over the laptop. He sent his mother to collect his pickup from Mosqueda's home. Moreover, he was simply a guest in Mosqueda's home. He paid no rent or bills and performed only modest chores in exchange for room and board. He could not reasonably expect Mosqueda to store his belongings for months without any request from him to do so. Her decision to rid herself of Zacherle's computer by

2

giving it to his estranged sister – who subsequently gave it to law enforcement – did not violate Zacherle's Fourth Amendment rights. *See United States v. Wilson*, 472 F.2d 901, 902 (9th Cir. 1972) ("Search or seizure of abandoned property, even without a warrant, is simply not unreasonable.").

To the degree Zacherle argues the files on his computer were entitled to greater protection than the computer itself, we are not persuaded. Zacherle abandoned his computer, and he exhibited no greater concern for the files it contained. There is no evidence suggesting the files were locked. Rather, he left his unlocked computer with unlocked files in a guest bedroom for months without any attempt to exert control over the computer or files in which he now asserts a privacy expectation. It may be that Zacherle thought there was no need to protect his files or computer from Mosqueda, his estranged sister or even law enforcement because he was confident all evidence of his wrongdoing was deleted by the file-eraser-software FBI agents later found on his computer. That he did not possess the "technical savvy" to understand deleted files could be recovered with the right tools does not give him the right to assert an expectation of privacy he previously abandoned. *United States v. Borowy*, 595 F.3d 1045, 1048 (9th Cir. 2010) (quoting *United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008)).

**2**

Zacherle's Fifth Amendment rights were not violated when the jury was allowed to hear a description of his physical response after being asked whether he downloaded child pornography. Zacherle agreed to speak with law enforcement officers after being read his *Miranda* rights. He answered all of their questions with verbal responses, except for one. To that question, Zacherle gave a physical response – curling into a fetal position on his chair. There is no evidence the questioning officer "exert[ed] pressure" or was anything but "courteous." *United States v. Lorenzo*, 570 F.2d 294, 298 (9th Cir. 1978). Nor is there evidence Zacherle made any explicit statement alerting the officer he wished to exercise his privilege against self-incrimination as to that question and not others. Indeed, he answered the questions that followed with verbal responses. Given Zacherle's "willingness . . . to talk" and "continued [willingness] to do so after his failure to respond [verbally] to a single question," "he cannot be said to have invoked his right to remain silent," totally or selectively. *Id.*

**3**

The Supreme Court has long recognized "the fact of a prior conviction" is a narrow exception to the general rule that facts increasing the statutory sentence must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Alleyne v. United States*, 133 S. Ct.

4

2151, 2160 n.1 (2013) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Accordingly, the jury did not have to determine that Zacherle was previously convicted of possession of child pornography to trigger the mandatory minimum sentence of 10 years. *See Apprendi*, 530 U.S. at 490; 18 U.S.C. § 2252A(b)(2).

**4**

Because Zacherle's conviction for possession of child pornography carried a minimum 10-year sentence in light of his previous conviction, any other sentencing error is moot because the district court had no discretion to impose a sentence lower than the one he received. *See Melendez v. United States*, 518 U.S. 120, 126-27 (1996).

The judgment of the district court is **AFFIRMED**.