William STROMAN

v.

Richard LINDSEY, Chairman of the Pennsylvania Parole Board, et al.

Civ. A. No. 73–309.

United States District Court, W. D. Pennsylvania.

June 27, 1973.

---

William Stroman, pro se.

Geoffrey Paul Wozney, Pittsburgh, Pa., John Arch, Asst. County Sol., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a Civil Rights proceeding filed by a state penal inmate who asserts that his constitutional rights have been infringed as a result of a parole violation detainer being lodged against him subsequent to his arrest on January 2, 1973, on charges of violating the Pennsylvania Controlled Substance, Dangerous Drug and Cosmetic Act, resisting arrest, and assault and battery upon a police officer. In addition to a motion for summary judgment filed by defendants Lindsey and Braszo, answers have been filed on behalf of all defendants.

The Court believed that a full and complete hearing should be held, and testimony in support of the claim for relief has either been stipulated by the parties or presented by the plaintiff through oral testimony. Plaintiff has requested the Court to appoint legal counsel in his behalf. In view of the fact that the matters presented factually are not in dispute and the sole question presented is a question of law which is well settled, no useful purpose could be served by the appointment of legal counsel.

There is no substantial dispute as to any material fact. As noted above, plaintiff was arrested on January 2, 1973, while on parole from a 1967 conviction for armed robbery, assault and battery, and violation of the Uniform Firearms Act. On January 3, 1973, a parole detainer was lodged against plaintiff by parole agent John Sawyer. On January 12, 1973, plaintiff was given a preliminary hearing, pleaded not guilty, and was held for the grand jury. Subsequently, on January 15, 1973, the parole board conducted a detention hearing and determined that plaintiff should be held pending disposition of the criminal charges. The Court has reviewed all state court records, and it appears that plaintiff was convicted on April 18, 1973, and sentence is to be imposed at a time subsequent to July 4, 1973.

Plaintiff contends, as a basis for his cause of action, that because of the pa-

role detainer being lodged, he was not released from custody even though he could have furnished the bail required on the criminal charge for which he has now been convicted. Plaintiff claims that there is a denial of constitutional rights for the state court to deny his release on bond as a parole violator, or in substance, he questions the constitutionality of the Pennsylvania Parole Act of August 6, 1941, P.L. 861, § 21.1 et seq., 61 P.S. § 331.21a.

■ This Court is well aware of the law of Pennsylvania which provides that a due process hearing with a right to counsel and the privilege to face accusers and present testimony is required before parole can be revoked, whether the individual is charged as a technical or a convicted parole violator. Said rule of law has recently been enunciated by the Supreme Court of Pennsylvania, which requires that a hearing of such scope and nature is required before parole can be revoked. Rambeau v. Rundle, 13 Cr.L. Rev. 2104 (May 2, 1973), officially not reported. Cf. Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Counsel for the Commonwealth of Pennsylvania has advised the Court that legal counsel will be provided for the plaintiff in this proceeding prior to the parole revocation hearing and that any witnesses whom plaintiff may desire to call for said hearing will be permitted.

A proceeding of a most similar nature was adjudicated by an Associate Member of this Court, in which an Order was entered providing in substance that where a denial of constitutional rights under the Parole Act of the Commonwealth of Pennsylvania was presented in matters of this nature, a basis did not exist for an impanelling of a statutory court. Milligan v. Braszo, et al., Civil Action No. 73–289, Opinion entered June 18, 1973, officially not reported. No application was made for an impanelling of a statutory court in this proceeding.

■ It seems clear that defendants, in detaining plaintiff pending the outcome of the criminal charges against him, did nothing to violate any of his constitutional rights. There has been no parole revocation hearing, but assuming all facts alleged by plaintiff to be true, none is required at this juncture since there has been no parole revocation. It is well to note that when plaintiff was granted parole effective February 28, 1972, for the 1967 conviction, he signed a document dated February 25, 1972, entitled "Conditions of Parole," which in part provides, "If you are arrested while on parole, the Board [The Pennsylvania Board of Probation and Parole] has the authority to place a detainer against you which will in effect prevent you from making bail pending disposition of your new charges." In addition, there is an acknowledgement by plaintiff that he had read or had had read to him all the various conditions imposed, that he understood them and agreed to follow them, and that he fully understood the possible penalties involved should he violate any of the conditions.

The plaintiff was arrested independently of any conditions of parole on criminal charges for which he now stands convicted. A parole detainer was lodged as a consequence thereof and not for alleged violations of his parole conditions. Had charges against Stroman been dismissed, the detainer would have been lifted without having any bearing on his parole status. This in fact did occur on a previous occasion when plaintiff was arrested while on parole on charges other than those under scrutiny here; when arrested on November 21, 1972, a detainer was lodged against him and then lifted when armed robbery charges were dropped. This arrest had no effect on Stroman's parole.

Stroman's most recent arrest was followed promptly by a hearing by a Parole Board representative to determine whether detention, as distinguished from parole revocation, was proper. Under all the circumstances here presented, the Court is constrained to conclude that there has been no violation of plaintiff's constitutional rights. In this connection

it is well to note that defendant Warden Robinson did nothing more than act in a ministerial capacity in receiving plaintiff as a prisoner pending disposition of the criminal charges which had been lodged.

No basis exists in law or in fact to sustain the cause of action, and it must be dismissed.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.