**Paul Harry HOWARD,**
**Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., acting warden,**
**Louisiana State Penitentiary,**
**Respondent-Appellee.**

No. 75–4222.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1976.

Patrick C. McGinity, New Orleans, La. (court appointed), for petitioner-appellant.

Ralph Roy, Asst. Dist. Atty., 19th Judicial Dist., Parish of Eastern Baton Rouge, Ossie B. Brown, Dist. Atty., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

The district court, relying on the State Court record and without an evidentiary hearing, denied Howard, a Louisiana state prisoner, habeas relief. We affirm.

Howard was sentenced to ninety-nine years at hard labor after conviction by a jury for armed robbery. The Louisiana Supreme Court affirmed, *State v. Howard*, 262 La. 270, 263 So.2d 32. Howard argues four constitutional violations. (1) The prosecutor, in his summation, commented on Howard's failure to testify in his own defense. (2) His confession, which was admitted into evidence, was the product of coercion and duress. (3) The penalty provision of Louisiana Revised Statutes 14:64, under which Howard was sentenced, deprives him of equal protection of the laws and constitutes cruel and unusual punishment. (4) The state trial court erred in sentencing Howard without a presentence investigation.

■ Howard's contention that there was prejudicial prosecution argument is without merit. The trial judge found that when the prosecutor stated that "he hasn't seen fit to tell us why he shot Mrs. Stablier," the prosecutor was simply referring to a lengthy tape-recorded confession in which Howard admitted the crime but gave no explanation for shooting the victim of the robbery. This tape, which counsel pointed to during summation, was sitting on the rail of the jury box when the comment was made. The state record supports the trial judge's analysis of this incident.

■ With regard to the admission of a lengthy tape-recorded interrogation which contained inculpatory statements, Howard was adequately informed of his constitutional rights and signed a waiver form. We find without merit his contention that his silence and crying during the continued interrogation compelled a finding that he wished to terminate the investigation and did not wish to answer any further questions.

■ The penalty provision of Louisiana Revised Statutes 14:64 requires that the

sentence for armed robbery must be imposed without benefit of parole, probation or suspension of sentence. Howard argues that such a sentence denies him equal protection because the object of a criminal sentence is reform and rehabilitation of the criminal. Imprisonment itself is clearly not cruel and unusual punishment. Moreover all those convicted of armed robbery are treated alike. Deterrence as well as reform and rehabilitation are legitimate objects of a sentence. The record discloses a senseless and unprovoked killing by gunshot during the armed robbery.

■ Finally there is no requirement that a presentence investigation be conducted. Such an investigation is an aid to the court and not a right of the accused.

■ The state court considered and fairly disposed of these issues. Its determination is presumed to be correct and the burden in a federal habeas corpus proceeding is on the petitioner to establish that the state court's findings were erroneous. *LaVallee v. Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). Howard failed to carry his burden.

AFFIRMED.