### No. 28036

### The People of the State of Colorado v. Kenneth Paul Morrison

(583 P.2d 924)

Decided September 25, 1978.

Nolan L. Brown, District Attorney, Robert D. Kelly, Deputy, Michael B. Tully, Deputy, for plaintiff-appellant.

Myers, Woodford & Hoppin, P.C., Charles T. Hoppin, for defendant-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

In this murder case, the People, by interlocutory appeal, challenge the trial court's pretrial orders: (1) suppressing the testimony of one Esther Garcia; and (2) ruling that the defendant's two prior burglary convictions could not be used against him for impeachment purposes. We reverse the order suppressing Mrs. Garcia's testimony, but affirm the ruling against admissibility of the defendant's prior convictions.

On November 15, 1975, the body of a murder victim was discovered. Upon investigation, the police learned that the victim had last been seen in the presence of the defendant Morrison and another man. Later the same day, personnel from the Jefferson County Sheriff's office, accompanied by a deputy district attorney, went to Morrison's apartment. Their visit was motivated by concern for the safety of Morrison and his family since he had been seen with the murder victim.

Upon arriving at the apartment house, the officers spoke with the manager. He told them that the Morrisons had moved into the apartment one week earlier, and had paid one-half of the first month's rent plus a security deposit, but had not signed the usual rental agreement. He stated that he had not seen the Morrisons for at least three days.

The officers then went to the apartment where they discovered, on the doorknob, an advertising packet that had been delivered several days earlier. They knocked on the door and, receiving no response, recontacted the apartment manager who opened the apartment door for them.

Upon entering the apartment, the officers conducted a search which revealed no injured or dead victims on the premises. They also observed that the closet doors had been left open and all of the clothing, bedding and personal effects had been removed from the apartment. Only containers of trash were left and most of these were in the kitchen area.

The next day an investigator from the sheriff's office, without a warrant, returned and thoroughly searched the apartment. He found in a trash pile an empty pill bottle on which appeared the name of Esther Garcia and an address in Rawlins, Wyoming. Mrs. Garcia was later located in

Rawlins and interviewed. She gave a full statement describing Morrison's involvement in the murder and his flight from Denver to Rawlins. An information subsequently charged Morrison with first-degree murder and listed Mrs. Garcia as a witness. He was later apprehended in Nebraska and extradited.

Defense counsel moved to suppress all testimony of Esther Garcia as derived from an unconstitutional search of the apartment. The People countered by arguing that Morrison had abandoned the apartment before the search and therefore he had no standing to raise this issue.

The trial court ruled that the defendant had standing to challenge the search, even though it appeared that he had abandoned the apartment, because he retained some rights in the apartment based on his partial payment of the first month's rent. The second search of the apartment without a warrant was held unreasonable, and since Mrs. Garcia had been located from the information on the pill bottle discovered in that search, her testimony was ordered suppressed.

■ The People here renew their contention that the defendant had no standing to contest the constitutionality of the apartment search because he had abandoned the premises. We agree.

■ The constitutional protections against unreasonable search and seizure are personal to the one asserting them. *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). To challenge a search and seizure the complaining party must establish that he had a reasonable expectation that the premises searched and the items seized would be free from nonconsensual, unreasonable police intrusion. *People v. Pearson,* 190 Colo. 313, 546 P.2d 1259 (1976). In *Pearson* we stated:
"To establish standing to challenge a search and seizure, the challenger has the burden of alleging and proving that he has a reasonable expectation of privacy against nonconsensual police intrusions. The party contesting the search has no standing unless he has an ownership or possessory interest in the premises. A possessory interest may be established by one lawfully in possession at the time of the search, or by one reasonably believing he has a claim of title to or a colorable interest in the premises . . . . " 546 P.2d at 1264.

■ Here, even if Morrison had not formally relinquished all technical indicia of tenancy in the apartment, his actions unequivocally demonstrated that he had abandoned the apartment and had no longer retained any reasonable expectation of privacy in either the apartment or its contents. *See United States v. Wilson,* 472 F.2d 901, 902 (1973).[1] When he abandoned the apartment, any standing he previously might have had to

---

[1] "The proper test for abandonment is not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the articles alleged to have been abandoned." 472 F.2d at 902.

object to a subsequent search and seizure terminated. *Smith v. People,* 167 Colo. 19, 445 P.2d 67 (1968).

 The question of abandonment is "an ultimate fact or conclusion based generally upon a combination of act and intent." *Friedman v. United States,* 347 F.2d 697, 704 (8th Cir. 1967). The record shows that no personal effects, bedding or clothing were found in the apartment. Morrison never returned to the apartment but left the state. Nor did he ever claim any items left in the apartment. The only items discovered were in a trash pile in a room that clearly had been vacated. In fact the particular item involved, a pill bottle, was not his and there was no showing that he had any special privacy interest in it.

Furthermore, Morrison never attempted to pay the remainder of the first month's rent. All his actions indicated that he had left the apartment with no intention of returning and that he no longer felt any proprietary interest in the apartment or its contents. There was no evidence presented to contradict this clear showing of abandonment.

The rationale of *Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) clearly applies. In *Abel,* an F.B.I. agent, without a warrant, had searched an espionage suspect's hotel room immediately after he vacated it. In the room's wastepaper basket the agent found a hollowed-out pencil and a "cipher pad." Upholding the search as "entirely lawful" Justice Frankfurter reasoned:

"This is so for the reason that at the time of the search petitioner had vacated the room. The hotel then had the exclusive right to its possession, and the hotel management freely gave its consent that the search be made. Nor was it unlawful to seize the entire contents of the wastepaper basket, even though some of its contents had no connection with crime. So far as the record shows, petitioner had abandoned these articles. He had thrown them away. So far as he was concerned, they were *bona vacantia.* There can be nothing unlawful in the Government's appropriation of such abandoned property." 362 U.S. at 241, 80 S.Ct. at 698, 4 L.Ed.2d at 687 (1969).

 It seems clear from all the circumstantial evidence that the apartment had been abandoned. Surely one has no privacy interest of constitutional dimension in an item left in a trash heap by a third person when vacating an apartment. *United States v. Jackson,* 448 F.2d 963, 970 (1971). We hold, therefore, that Morrison had no standing to contest the apartment search. It follows that the evidence derived through that search, including the testimony of Esther Garcia, should not have been suppressed.

Although the interlocutory appeal rule[2] may not be employed to "piggyback" issues not embraced by that rule for pretrial review, since the case probably will be tried we address the second issue raised. Appellant asserts that the trial court erred in barring the use of Morrison's prior convictions for impeachment purposes at trial. We affirm the trial court's decision.

■ A defendant's credibility may not be impeached with a prior conviction which was unconstitutionally obtained because the defendant was not represented by counsel and did not knowingly and intelligently waive his right to counsel. *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). In order to bar the use of such a prior conviction, the defendant must make a prima facie showing that in fact it was constitutionally invalid. *People v. Woll,* 178 Colo. 443, 498 P.2d 935 (1972).

■ Here the evidence showed that the defendant had been convicted of burglary in 1954 in Iowa and in 1958 in Nebraska. Both convictions were based on pleas of guilty. The defendant testifed under oath that he had not been represented by counsel and had not waived his right to counsel on either occasion. The prosecution failed to cross-examine the defendant and offered no evidence to contradict his statements.

The defendant met his burden of presenting a prima facie case that his prior convictions were constitutionally invalid. His undisputed and unrebutted testimony was sufficient evidence to be considered by the trier of fact. The trial court judged the defendant's credibility and chose to believe him.[3] We affirm the trial court's holding that the defendant's prior convictions cannot be used to impeach his credibility at trial.

The cause is remanded to the district court for further proceedings not inconsistent with this opinion.

---

[2] *"Grounds.* The State may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; provided that the state certified to the judge who granted such motion that the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant." Crim. P. 4.1(a).

[3] The trial court's conclusion is not inherently improbable, for it was not until several years after the convictions in question that *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) declared the states' obligation to provide counsel in felony cases.