Curtis R. LEE

v.

**PENNSYLVANIA BOARD OF PROBATION & PAROLE, William F. Butler, Individually and in his official capacity as a member together with his agents and successors in interest John Jefferson, Individually and in his official capacity as a member together with his agents and successors in interest Paul Descano, Individually and in his official capacity as a member together with his agents and successors in interest (Miss) V. Dean, Individually and in her official capacity as a member together with her agents and successors in interest John J. Burke, Individually and in his official capacity as an officer together with his agents and successors in interest Ronald Sharper, Individually and in his official capacity as an agent, together with his agents and successors in interest, and R. Trachtenberg, Individually and in his official capacity as Supervisor together with his agents and successors in interest.**

Civ. A. No. 76–1376.

United States District Court,
E. D. Pennsylvania.

March 29, 1979.

---

David Berger, Philadelphia, Pa., for plaintiff.

Mark N. Cohen, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of all defendants (hereinafter referred to as "the Parole Board") to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1); to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6); and, for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated below, the Court will deny the defendants' motions to dismiss for lack of subject matter jurisdiction [1] and for failure to state a claim upon which relief can be granted,[2] but will grant their motion for summary judgment.

The relevant facts in the instant case are not in dispute. The plaintiff, Curtis R. Lee ("Lee"), was sentenced to a prison term of from one to three years, beginning effectively on November 21, 1973, as a result of his conviction on a charge of larceny. On October 9, 1974, Lee was granted parole and was released from prison on October 28, 1974. Upon his release, Lee signed a form denoted "Conditions Governing Parole" which stated, *inter alia*, that if he were arrested while on parole the Parole Board would have the authority to place a detainer against him which would prevent him from making bail pending disposition of the new charges against him.

---

1. Defendants assert that plaintiff's complaint should be dismissed because there is no case or controversy before the Court with regard to declaratory or injunctive relief and that plaintiff's claims are moot. The Court recognizes that the passage of time has rendered injunctive relief moot but we find that we have subject matter jurisdiction over plaintiff's request for money damages under 42 U.S.C. § 1983.

2. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is not necessary to be decided because our resolution of the issues in this case requires us to consider evidence beyond the pleadings. Our grant of the motions for summary judgment renders the Fed.R.Civ.P. 12(b)(6) motions moot and they will be denied as such. In addition, defendants Trachtenberg and the Board of Probation and Parole allege that they have not been served with the complaint and move for dismissal for lack of proper service under Fed.R.Civ.P. 4. We also need not decide these motions because of our resolution of the motions for summary judgment.

On December 12, 1975, Lee was arrested on charges of robbery, theft, receiving stolen goods and possession of an offensive weapon. By reason of this, a parole violation warrant was filed on December 23, 1975. On January 6, 1976, Lee was afforded a detention hearing, at which he was represented by counsel and after which the Parole Board detained him pending disposition of the robbery charge. Lee filed a *pro se* complaint in this Court on June 11, 1976; and, thereafter, he was acquitted of the underlying criminal charges on August 16, 1976. He was again placed on parole on August 19, 1976. On November 21, 1976, Lee's maximum sentence expired and his status as a parolee terminated.

Lee's complaint, filed while awaiting disposition of the robbery and related charges, alleges jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and makes claims for monetary, declaratory and injunctive relief. Named as defendants are the Parole Board and its individual members, as well as various officers and agents of the Board. Lee attempts to allege causes of action pursuant to 42 U.S.C. § 1983 for deprivations of rights guaranteed by the Eighth and Fourteenth Amendments.

3. The essence of this claim appeared in Lee's complaint as follows:

22. There are no State Legislative or Federal Congressional enactments authorizing or empowering any of the defendants named herein to place "Detention Detainers" on Parolees for no apparent reason at all. To cause plaintiff to be detained on the pretext that he "might" ·be convicted for the new offense, than [sic] he would obviously be in violation of Parole, takes from plaintiff the presumption of innocence and thus violates the 14th Amendment to the United States Constitution.

23. Placing a detention detainer on the Plaintiff deprives plaintiff of his liberty without due process of law and therefore violates the 14th Amendment to the United States Constitution.

4. Lee stated this claim as follows:

21. The Pennsylvania and United States Constitutions guarantees a person the absolute right to bail prior to a finding of guilt. Where Plaintiff was given a bail price and is prohibited release because of placement of a "Detention Detainer" by defendant Burke, ef-

The complaint is inartfully drawn, but construing it liberally as we must, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *United States ex rel. Montgomery v. Brierly*, 414 F.2d 552 (3d Cir. 1969), *cert. denied*, 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1970), and in light of the memorandum prepared by Lee's appointed counsel, we find that he relies on two theories. First, Lee contends that the Parole Board's imposition of a detainer against him after his arrest on the robbery and related charges, pending disposition of those charges, constituted a deprivation of his liberty without due process of law, in violation of the Fourteenth Amendment.[3] Second, he contends that the effect of the detainer was to deprive him of his Eighth Amendment right to bail by preventing him from posting bail and gaining his liberty pending disposition of the outstanding criminal charges.[4]

A motion for summary judgment can be granted only when the Court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.

Summary judgment may only be granted if, taking the nonmovant's allegations as true and drawing all inferences in his

fectively deprives Plaintiff of his Constitutional right to Bail under the 8th Amendment and violates the 14th Amendment to the United States Constitution. .

He also claimed the detainer was a form of "cruel and unusual punishment prohibited by the Eighth Amendment." As to this contention, we note that "[i]mprisonment itself is clearly not cruel and unusual punishment." *Howard v. Maggio*, 540 F.2d 1280, 1282 (5th Cir. 1976).

Plaintiff also questioned the existence of "State Legislative . . . enactments authorizing any of the defendants to place 'Detention Detainers' on Parolees. . . ." We note that the Board of Probation and Parole has been created by the Pennsylvania Legislature as the "exclusive system for the administration of parole in this Commonwealth." 61 P.S. § 331.1. The "exclusive power to parole and reparole" is vested with the Parole Board. *Id.*, at § 331.17. The Parole Board also has the power "to make general rules for the conduct and supervision of persons . . . placed upon parole." *Id.*, at § 331.23.

favor, the court is convinced from its review of the evidential sources available that no genuine issue as to a material fact remains for trial, and that the moving party is entitled to judgment as a matter of law.

*Scott v. Plante*, 532 F.2d 939 (3d Cir. 1976).

■ The actions of the Parole Board are subject to certain due process constraints. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *Morrissey* makes it clear that, before parole can be revoked, the parolee whose conditional freedom is in jeopardy must be afforded two separate hearings and those hearings must be conducted in accordance with certain due process requirements.

■ Neither plaintiff nor his appointed counsel contend that these requirements were not met by the Parole Board. Their first contention is that the decision of the Parole Board to impose a detainer upon Lee merely because of his arrest violated his right to due process as guaranteed by the Fourteenth Amendment.

The flaw in this argument is that it rests on the proposition that plaintiff, a parolee, was entitled to the full range of due process protections before his liberty could be terminated. The weakness in this proposition is clearly illustrated by the Supreme Court in *Morrissey v. Brewer, supra*, in which Mr. Chief Justice Burger stated:

> . . . [t]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.*, at 480, 92 S.Ct. at 2600.

At the time plaintiff was granted parole by the Parole Board, he agreed to certain conditions upon which his continued liberty was to depend. A copy of the signed agreement was submitted by the defendants in support of their motions to dismiss and for summary judgment. One condition set forth in the agreement was as follows:

> If you are arrested while on parole, the Board has the authority to place a detainer against you which will in effect prevent you from making bail pending disposition of your new charges.

Defendants' Exhibit "B" at p. 2. In placing the detainer, the Board was exercising a right it had clearly reserved at the time plaintiff's parole was granted.

The precise issue of the constitutionality of such action was decided in the case of *Stroman v. Lindsey*, 360 F.Supp. 124 (W.D. Pa.1973). The parolee in that case had agreed to "Conditions of Parole" which were identical to those agreed to by Lee. We agree with the holding of that court that:

> [i]t seems clear that defendants, in detaining plaintiff pending the outcome of the criminal charges against him, did nothing to violate any of his constitutional rights.

*Id.*, at 126. *Cf. United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 407 n.2 (E.D.Pa.1975).

■ Plaintiff's second claim, that the imposition of the detainer violates his Eighth Amendment right to bail, is likewise without merit. As to the crimes which led to plaintiff's imprisonment and resulting in his parole, he " .. . . no longer enjoys the benefit of [the] presumption of innocence and has no constitutional right to bail." *Galante v. Warden, Metropolitan Cor. Ctr.*, 573 F.2d 707, 708 (2d Cir. 1977). Once again, it is plaintiff's status as a parolee which causes him to be subject to fundamentally different treatment than that which the Constitution guarantees to a person accused of a crime in the first instance.

Admission to bail in the ordinary pretrial context assures that an accused is not punished prior to conviction and has an adequate opportunity to assist in the preparation of his defense. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951). However, in a situation like the one at bar, it is recognized that:

> [t]hese interests, however, are no longer relevant when a parole violation detainer is lodged against a parolee. The parolee

has had an opportunity to assist in the preparation of his criminal defense. He is no longer presumed innocent of the original criminal charges filed against him. He has, in fact, been convicted of those charges. "This is a fundamental distinction from the pre-trial stage which in our view renders the Eighth Amendment inapplicable" . . . Certainly in *Morrissey v. Brewer, supra,* the Supreme Court did not understand the Eighth Amendment to require that the detained parolee be admitted to bail pending revocation for the majority opinion explicitly refers to the "arrested parolee" and to his "continued detention." 408 U.S. at 485, [92 S.Ct. 2593].

*Burgess v. Roth,* 387 F.Supp. 1155, 1162 (E.D.Pa.1975).

In conclusion, we find that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motions for summary judgment will be granted. An appropriate Order will be entered.