No. 28257

**The People of the State of Colorado v.
Carl David Howard, also known as Dutch McFarland**

(599 P.2d 899)

Decided September 4, 1979.

318

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Norman R. Mueller, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

Prior to the defendant's trial for first degree murder, the district court granted a motion to suppress an out-of-court identification of the defendant made by the murder victim. Although the defendant was subsequently acquitted at trial and can not be affected by our ruling, the prosecution appeals, pursuant to section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), to have us determine as a matter of law whether the trial court erred in its ruling to suppress that evidence. The trial court properly excluded the testimony relating to the identification of the defendant, and, for the reasons set forth in this opinion, we approve the ruling.

Early on the morning of September 30, 1977, Terwarner Dailey was shot while working at his after hours night club. As a result of the gunshot wound, he died December 3, 1977. The prosecution subsequently charged the defendant with first degree murder. The defendant pled not guilty.

Prior to his trial, the defendant filed a motion to suppress as hearsay all testimony relating to an out-of-court identification made by Dailey prior to his death. Detective Hundley of the Denver Police Department testified at the hearing on the motion that on October 1, 1977, he had

interviewed Dailey at the hospital. In that interview, Dailey described his assailant and said that he could identify his assailant if he could see him again. Detective Patterson testified that on October 5, 1977, he and another officer showed Dailey a photographic lineup consisting of nine individuals, and that Dailey picked out the defendant's picture and signed his name on the back of it. Thereafter, the testimony of Detective Hundley established that subsequent to October 5, 1977, he conducted a second photograph identification session in which Dailey again picked out the defendant. The trial judge held that the testimony relating to Dailey's identification of the defendant constituted hearsay and could not be admitted. We agree.

The common-law hearsay rule prohibits the admission into evidence of any statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. *Fernandez v. People,* 176 Colo. 346, 490 P.2d 690 (1971); *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431 (1965). *Cf. Fed. R. Evid.* 801(c). The hearsay rule, subject to well defined exceptions, reflects the conviction that all testimony offered to a trier of fact should be tested for its accuracy and truth through cross-examination. *Fernandez v. People, supra.* Experience has long shown that "no safeguard for testing the value of human statements is comparable to that furnished by cross-examination, and . . . no statement . . . should be used as testimony until it has been probed and sublimated by that test. . . ." 5 *J. Wigmore, Evidence* §1367 (Chadbourn rev. 1974). The trier of fact will only be permitted to receive hearsay testimony as evidence in those limited circumstances where the inherent reliability of the hearsay clearly outweighs the strong policy reasons for excluding it.[1]

The prosecution submits that the extra-judicial photographic identification of the defendant made by Dailey prior to his death[2] is sufficiently reliable to qualify as an exception to the hearsay rule. We have held that a prior identification may be used as substantive evidence in cases where declaration is available to testify. *Gallegos v. People,* 157

---

[1] One well established exception to the hearsay rule occurs when the declarant makes a spontaneous exclamatory statement describing a perceived event. We have found such a statement to be particularly reliable as a part of the *res gestae* of the event because "[W]hat is done or said by participants, under the immediate spur of a transaction, becomes thus part of the transaction, because it is then the transaction that thus spoke. In such cases it is not necessary to examine as witnesses the persons who, as participators in the transaction, thus instinctively spoke or acted." *Baney v. People,* 130 Colo. 318, 275 P.2d 195 (1954) (citing Wharton's Criminal Evidence (9th Ed.) section 262 and *Graves v. People,* 18 Colo. 170, 32 P. 63 (1893)). In this instance, the policy concerns for the hearsay rule were overridden by the inherent reliability of the *res gestae.*

[2] We note in this case that the identification does not constitute a dying declaration which is an exception to the hearsay rule. Section 13-25-119, C.R.S. 1973. The record shows no evidence at the time of the identification Dailey was conscious of approaching death and had no hope of recovery.

Colo. 484, 403 P.2d 864 (1965); *Cokley v. People,* 168 Colo. 52, 449 P.2d 824 (1969). We have not, however, addressed the more difficult question created when the declarant is unavailable at the time of trial. We now hold that unsworn, extra-judicial hearsay identification testimony is inadmissible, subject to well-defined exceptions including those set out in footnotes 1 and 2, when the declarant is not available to testify and submit to cross-examination.

In *Gallegos v. People, supra,* we upheld the admission into evidence of statements in a police report and the testimony of a police officer where both were based on an extra-judicial identification made by a third party. However, the third party declarant in the *Gallegos* case testified and was subject to cross-examination at trial. We concluded that the normal hearsay concerns, including the lack of a meaningful cross-examination, were not present in that case.

The prosecution argues that in *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972), this Court sanctioned the use of testimony relating to an extra-judicial identification even though the declarant was unavailable to testify. While there is dicta in that case supporting the Prosecution's position, we specifically stated that, even if the testimony were inadmissible, such error was harmless. Thus, the majority in a 4-3 decision was not required to determine whether a hearsay extra-judicial identification could be admitted when the declarant was unavailable to testify. To the extent *Kurtz* suggests a contrary conclusion, we expressly disapprove that dicta.

■ In this case, although Dailey made an extra-judicial identification of the defendant, he died prior to the defendant's trial. Therefore it was impossible for the defendant to test the out-of-court identification for "potential infirmities with respect to the observation, memory, narration and veracity" of the declarant. Morgan, *The Law of Evidence, 1941-1945,* 59 Harv. L.Rev. 481, 541 (1946). It is not enough that the defendant could cross-examine the witness relating the hearsay testimony since the witness could offer only secondary knowledge of the event. Moreover, unlike the situation in *Kurtz, supra,* the admission of such testimony in this case would not have constituted harmless error.

In making our ruling, we are not unmindful of the fact that nearly every jurisdiction which has considered this question has held that this kind of an extra-judicial identification is inadmissible when the declarant is unavailable to testify. *See e.g. People v. Mayfield,* 23 Cal. App. 3d 236, 100 Cal. Rptr.104 (1972); *People v. Owens,* 32 Ill. App. 3d 893, 337 N.E.2d 60 (1975); and the citations contained in 71 *A.L.R.* 2d 449. We believe that the weight of authority and the best judicial reasoning requires the exclusion of such evidence.

■ In view of our decision upholding the trial judge's exclusion of the evidence, there is no need to resolve the Sixth Amendment question of the defendant's right to confront adverse witnesses. We note, however,

that under the rationale advanced by the United States Supreme Court in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) and *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), there would be a serious question involving the defendant's Sixth Amendment rights if such evidence were admitted in cases where the declarant is unavailable to testify.

The ruling of the trial court is approved.

JUSTICES CARRIGAN, LEE and ROVIRA do not participate.