**No. 79SA127**

### The People of the State of Colorado v. Charles Hampton, and Horatio Angelo Macias

(603 P.2d 133)

Decided December 3, 1979.

Robert N. Miller, District Attorney, William M. Pharo, Chief Trial Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Cary C. Lacklen, Deputy, for defendant-appellee, Charles Hampton.

Montano and Encinos, Duane Montano, for defendant-appellee, Horatio Angelo Macias.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This is an interlocutory appeal involving Charles Hampton and Horatio Angelo Macias. The primary facts relevant to this case were set forth in *People v. Hampton,* 196 Colo. 466, 587 P.2d 275 (1978), which brought the defendants before the bar of justice for robbery at a Mr. Steak restaurant in Colorado Springs, Colorado.

In this case, the defendants are charged with committing a robbery at a Mr. Steak restaurant in Greeley, Colorado. The prosecution has taken an interlocutory appeal from rulings by the trial court which suppressed evidence obtained in the course of a search of a 1966 Ford Galaxie, and certain non-testimonial identification evidence taken from the defendant

Macias.[1]  We reverse the suppression order relating to the automobile search and affirm the orders relating to the suppression of the nontestimonial identification evidence.

Hampton, Macias and Victor Anaya were allegedly involved in a number of robberies at Mr. Steak restaurants. They were arrested outside of a Mr. Steak restaurant in Colorado Springs, where they had armed themselves, donned ski masks, and were attempting to gain entry through a rear door. Because the police had the defendants under surveillance, they were present outside the restaurant when the robbery was attempted. When the police advised the trio of their arrest, Anaya, Hampton and Macias fled, leaving the Ford Galaxie in Colorado Springs near the restaurant. Anaya died as the result of police gunfire. Macias, who was wounded, fled and was captured the next day. Hampton was also apprehended the next day when he was found hiding under the hood of an automobile from which the motor had been removed.

As we set forth in *People v. Hampton, supra,* the Ford Galaxie, which the defendants planned to use as a getaway car, was the subject of a search by the police. Evidence obtained in that search had been used in the Colorado Springs trial, and the prosecution seeks to use relevant evidence in the trial of the case centering on the robbery at the Mr. Steak restaurant in Greeley. In response to the defendants' motion to suppress evidence, the prosecution challenges the defendants' lack of standing because of abandonment of the vehicle. We agree.

The Ford Galaxie used by the defendants was owned by Joe Nathan Clark, who had granted Hampton a limited right to use the vehicle. The car was left near the Mr. Steak restaurant with the keys in the ignition. The record clearly shows that when the police attempted to arrest the defendants they fled from the scene and abandoned the vehicle. Consequently, they have no standing to object to the police officers' subsequent search and their seizure of evidence. *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972). See also, *Day v. State,* 518 P.2d 1283 (Okla. Crim. 1974); *Thom v. State,* 248 Ark. 180, 450 S.W.2d 550 (1970); 3 W. LaFave, *Search and Seizure,* § 2.5 (1978). Although *Kurtz v. People* has but limited vitality,[2] the abandonment part of the opinion still stands as good law today.

Moreover, *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) has placed significant limitations on the requirements for standing to object to a search, and has eliminated the "target theory"

---

[1] At the suppression hearing the trial court also denied a motion to suppress certain nontestimonial identification evidence that was obtained from defendants Hampton and Macias. That order is not the subject of this appeal and we do not address it.

[2] *See People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366; *People v. Howard,* 198 Colo. 317, 599 P.2d 899 (1979).

as a basis for objection to a search. Here, the facts before the court do not show any assertion by the defendants Hampton and Macias of a possessory right of any kind in the 1966 Ford Galaxie, or in any of the items seized, but tend to rest on the theory that they were the target of the search. The record affirmatively shows abandonment of the vehicle and its contents when the defendants were threatened with arrest.

The prosecution claims that the trial court erred in suppressing certain non-testimonial identification evidence. The trial court found non-compliance with the provisions of Crim. P. 41.1(c) because the prosecution failed to establish that the proper affidavits were sworn to or affirmed before the court which issued the order. After a thorough review of the record, we find no merit in the prosecution's contention. The non-testimonial evidence was properly suppressed.

Accordingly, we reverse the suppression order, and we affirm the trial court's ruling on the non-testimonial evidence issues.