**PEOPLE of the State of Colorado, Plaintiff-Appellant, In the Interest of D.E.J., A Child,**

**And Concerning E.E.J. and C.T., Defendants-Appellees.**

**No. 84SA172.**

Supreme Court of Colorado, En Banc.

Sept. 10, 1984.

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy, Denver, for plaintiff-appellant.

Louis L. Kelley, Denver, for defendants-appellees.

ERICKSON, Chief Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1 to review an order suppressing evidence seized at the time the minor was detained. The prosecution contends that the child, D.E.J., lacked standing under the Fourth Amendment to challenge the seizure of evidence from his companion. We agree and therefore reverse.

## I

In the early morning hours of December 23, 1983, Denver plainclothes detectives, Pace and Shaw, were patrolling the 1300 block of East 24th Avenue in Denver. At approximately 4:56 a.m. the detectives saw two individuals walking down the middle of the street. D.E.J., a minor, carried a tire iron in his left hand and an open wine bottle partially filled with coins in his right hand. When the child noticed the detectives behind him, he threw the tire iron in the snow and continued walking down the street with his companion. The detectives made an investigatory stop.

A woman's purse containing social security envelopes filled with cash was discovered when a pat-down search was made on D.E.J.'s companion incident to an investigatory stop.[1] The items taken from the minor's companion were the subject of the suppression order which is before us on appeal.

Following the investigatory stop and questioning, the detectives detained both the minor and his companion for burglary and theft.[2]

At the suppression hearing, D.E.J. moved to suppress the physical evidence obtained by the police at the time of his detention, including the purse, its contents, and the tire iron. The minor alleged that the investigatory stop violated the U.S. Const. amends. IV and XIV and the Colo. Const. art. II, § 7, and that all evidence obtained as a result of the allegedly illegal stop should be suppressed. The trial court agreed with the minor and stated:

> At the time [the minor] was stopped and detained by police officers, the police officers did not have articulable and specific basis, in fact, for suspecting that a burglary had been committed in the area where the [minor] was stopped, or that other criminal activity had occurred or was about to take place. The investigatory stop was, therefore, unlawful, and the subsequent arrest, search and seizure was also unlawful.

## II

The prosecution claims that D.E.J. lacks standing to challenge the seizure of the

---

1. The purse was so stuffed that its contents were visible to the detectives without opening it further.

2. The minor and his companion were charged as delinquents for allegedly committing second-degree burglary, section 18-4-203, 8 C.R.S. (1978 & 1983 Supp.), and theft, section 18-4-401, 8 C.R.S. (1978 & 1983 Supp.)

purse and its contents because they were obtained from his companion. The tire iron, the prosecution asserts, was abandoned by the minor and should not have been suppressed. The prosecution argues that the minor had no legitimate expectation of privacy in the items seized and lacked standing to challenge their admissibility.

### A.

Before an individual can challenge the constitutionality of a search, he must demonstrate that he has a legitimate expectation of privacy in the area searched or the items seized. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *People v. Suttles,* 685 P.2d 183 (Colo.1984); *People v. Henry,* 631 P.2d 1122 (Colo.1981). Here, D.E.J. neither asserted nor established that he had a legitimate expectation of privacy in the purse which was in the possession of his companion. The police officer obtained the purse and its contents in a search of the minor's companion, not in the investigatory search of the minor. *See Rawlings v. Kentucky,* 448 U.S. 98, 104–06, 100 S.Ct. 2556, 2561–62, 65 L.Ed.2d 633 (a defendant has no legitimate expectation of privacy in a third person's pocketbook. and, consequently, cannot object to evidence seized therefrom).

Although D.E.J. may have been the target of the allegedly illegal search, that alone does not accord him standing to assert his companion's constitutional rights. The United States Supreme Court expressly rejected the so-called "target" theory of standing in *Rakas,* 439 U.S. at 132–33, 99 S.Ct. at 424–25. In *Rakas,* the defendants had argued that evidence illegally seized from a third party could not be introduced at their trial. In rejecting the defendants' claim, the Supreme Court noted that: "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." 439 U.S. at 133–34, 99 S.Ct. at 425 (quoting *Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969)). Accordingly, the *Rakas* court con-

cluded that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas,* 439 U.S. at 134, 99 S.Ct. at 425; *see also Alderman,* 394 U.S. at 174, 89 S.Ct. at 967. Accordingly, the minor cannot challenge the admissibility of the purse and its contents. The order suppressing the purse and its contents is reversed.

### B.

The prosecution also contends that the trial court erred in suppressing the tire iron abandoned by D.E.J. prior to the investigatory stop. We agree.

Abandonment is determined by objective standards and turns on whether the individual has retained any reasonable expectation of privacy in the property. An individual forfeits his expectation of privacy in property when he voluntarily abandons the property. *United States v. Berd,* 634 F.2d 979, 987 (5th Cir.1981). *United States v. Jones,* 707 F.2d 1169, 1172 (10th Cir.1983). Whether a party retains an expectation of privacy in an object is a question of intent which can be ascertained from the facts. *Jones,* 707 F.2d at 1172–73.

The record in this case established that the tire iron was voluntarily abandoned by the minor prior to the detectives' investigatory stop. Since the minor abandoned the tire iron, he lacks standing to object to its admission. *See People v. Hampton,* 198 Colo. 566, 603 P.2d 133 (1979) (defendants had no standing to object to police officer's search and seizure of evidence in an automobile where, at the time such search and seizure took place, defendants had abandoned the automobile and fled); *People v. Morrison,* 196 Colo. 319, 583 P.2d 924 (1978) (where defendant's actions unequivocally demonstrated that he had abandoned the apartment and no longer retained any reasonable expectation of privacy in either the apartment or its con-

tents, defendant had no standing to object to the subsequent search and seizure of the apartment).

Accordingly, the order of the trial court suppressing the evidence seized as an incident of the minor's detention is reversed and the case is remanded for further proceedings consistent with this opinion.