**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant**

v.

**Devin Wallace SCHUTTER,**
**Defendant–Appellee.**

**No. 10SA304.**

Supreme Court of Colorado,
En Banc.

March 28, 2011.

---

Martin C. Beeson, District Attorney, Arnold P. Mordkin, Chief Deputy District Attorney, Aspen, Colorado, Attorneys for Petitioner.

Ridley, McGreevy, Winocur & Weisz, P.C., Kevin McGreevy, Denver, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

The People brought an interlocutory appeal pursuant to section 16–12–102(2), C.R.S. (2010), and C.A.R. 4.1, challenging the suppression of evidence seized following a warrantless search of Schutter's iPhone. The district court found that Schutter had not abandoned the iPhone, and even assuming it could be characterized as lost or mislaid property, the police invaded Schutter's reasonable expectation of privacy in the contents of his phone without a search warrant or an appropriate exception to the Fourth Amendment warrant requirement.

Because the iPhone in question could not be fairly characterized as abandoned, lost, or mislaid under the circumstances of this case, the warrantless examination of its contents amounted to an unconstitutional search. The order of the district court is therefore affirmed.

I.

In March 2008, following the search of his home and discovery of cocaine and other evidence of drug sales, Devin Schutter was charged with various felony drug offenses and with being an habitual offender. His home was searched pursuant to a warrant that relied on information discovered during an examination of his text messages, the probable cause and warrant for which relied, in turn, on several text messages read during an even earlier warrantless inspection of his iPhone. The defendant filed motions to suppress the evidence discovered in these three searches, all of which were heard together in August 2010. At the suppression hearing, the prosecution presented the testimony of three officers involved in the searches, and the defense presented expert testimony concerning the operation of Apple's then-novel iPhone. Following the hearing, the district court made findings of fact and suppressed all of the evidence as fruit of the initial warrantless viewing of text messages in the defendant's iPhone.

The district court found that after using the restroom facilities of a convenience store across the street from the courthouse, the defendant approached the store clerk and asked for help in retrieving his cell phone, which he had inadvertently locked in the restroom along with the restroom key. The clerk advised the defendant that he was too busy at that time and that the defendant would have to come back later. After the passage of perhaps as much as an hour, during which time the defendant had not returned, the clerk turned the iPhone over to Officer Burg, who had come into the store.

The district court also found that shortly thereafter, and before seeking a search warrant, Aspen police officers answered incoming calls and caused to be revealed one or more text messages in the phone, some of which appeared to be incriminating. Subsequently, the officers identified the owner as Mr. Schutter by using the iPhone to call their dispatch officer and matching its number with one already contained in their database. That evening the defendant came to the police station to retrieve his phone, but

the police declined to release it and a short time later obtained a warrant to search it for other messages. Based on the information they discovered, they obtained a warrant to search the defendant's home and subsequently arrested him.

In granting the motions, the district court concluded that on these facts the defendant had not abandoned his iPhone; and that even if the expectation of privacy in lost property is diminished enough to permit an attempt to locate the owner or, alternatively, some invasion of privacy for the limited purpose of identifying the owner of lost property could be justified under the rubric of a community caretaking function, the Aspen police officers nevertheless exceeded the permissible limits of such an attempt to identify. In the absence of either United States Supreme Court jurisprudence or Colorado law on point, the district court relied on various out-of-state authorities to conclude that such a search for the identity of the owner of lost property could be justified, if at all, only if it were permitted by a written inventory policy or if it were conducted by using the least intrusive means available, neither of which occurred in this case.

The People filed a notice of interlocutory appeal, as permitted by section 16–12–102(2), C.R.S. (2010), and C.A.R. 4.1.

## II.

On appeal, the People do not assert that the owner of an iPhone lacks a reasonable expectation of privacy in the messages it contains or challenge the district court's finding that the defendant in this case had no intent to abandon his iPhone. Instead, they urge us to adopt the view that an otherwise reasonable expectation of privacy in personal property is diminished when that property is lost or mislaid because it is only reasonable to expect that an officer coming into possession of the property will examine it to learn how it can be returned to its owner. The People, however, also dispute those outside authorities relied on by the district court limiting such a search to the least intrusive means or compliance with a standardized inventory-like procedure, and instead would have us hold that the reasonableness of police efforts to discover the owner's identity should depend more generally on the place where the property was found and the nature and scope of the government intrusion.

A handful of courts from other jurisdictions have apparently assumed, for widely-differing purposes and according to widely-differing theories, that officers would be justified in conducting at least some limited inspection of lost property to discover the owner's identity. See, e.g., Gudema v. Nassau Cnty., 163 F.3d 717, 722 (2d Cir.1998) (upholding police department's search of police officer's shield case in 42 U.S.C. § 1983 matter where, among other things, the government acted "in its capacity as employer rather than law enforcement"); United States v. Sumlin, 909 F.2d 1218, 1220 (8th Cir.1990) (finding no violation of expectation of privacy where officers searched purse to determine whether it was the purse defendant reported stolen in robbery); United States v. Michael, 66 M.J. 78, 81 (C.A.A.F. 2008) (finding reasonable "in the military context" search to determine ownership of a computer discovered in a military barracks restroom); People v. Juan, 175 Cal.App.3d 1064, 221 Cal.Rptr. 338, 341 (1985) (finding no reasonable expectation of privacy in jacket left at empty table in public restaurant, on theory that owner likely "hopes" some "Good Samaritan" will search for identification to return garment); State v. Ching, 67 Haw. 107, 678 P.2d 1088, 1093 (1984) (upholding suppression of cocaine in closed cylinder found in lost leather pouch as exceeding limits of valid search of lost items for identification); State v. Hamilton, 314 Mont. 507, 67 P.3d 871, 876 (2003) (presuming that finder may examine contents of lost wallet to determine rightful owner in holding under state constitution that expectation of privacy in lost property is diminished only to extent of permitting search by least intrusive means, as specified in written inventory policy); State v. Pidcock, 306 Or. 335, 759 P.2d 1092, 1095–96 (1988) (upholding search of briefcase where officers' motive was to assist private finders of lost property in discharging statutory duty to locate and return property to rightful owner); State v. Kealey, 80 Wash. App. 162, 907 P.2d 319, 328 (1996) (reversing

suppression of identification evidence discovered, along with illegal narcotics, in defendant's mislaid purse and used to arrange sting operation for which defendant was subsequently prosecuted); *see also* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 5:5(d) (4th ed. & Supp. 2010).

We need not here decide whether, and if so, to what extent, police officers may conduct a warrantless examination of property that has been lost or mislaid but not abandoned. Under the undisputed facts of this case, the defendant's iPhone was neither abandoned, lost, nor mislaid such that the Aspen police would have had any cause to identify the owner to return it. Whether or not he knew the defendant's name, Officer Burg was aware from the moment the iPhone came into his possession that the defendant inadvertently left it in the store's locked restroom and knew precisely where it was; that his immediate demand for its return had been refused by the store clerk, who controlled access to the restroom; and that he left the area only when he was told by the clerk that he would have to come back later to retrieve his phone.

According to Officer Burg's own undisputed testimony, the store clerk told him all of this when he handed over the phone. *See People v. Rivas,* 13 P.3d 315 (2000) ("When controlling facts are undisputed, even though they are not specifically included in the findings of the trial court, the effect of those facts will also be treated as a matter of law."). Officer Burg also testified that it was 4:20 in the morning, and at that time, the defendant had been gone from the store for at most an hour. Under these circumstances, the officer had no grounds to believe the property's safe return required the discovery of any further information. Assuming, without deciding, that the Fourth Amendment could tolerate, under some set of circumstances, some kind of warrantless examination of a cell phone to ascertain how it might be returned to its owner, this case cannot present that set of circumstances.

### III.

Because the district court correctly determined, although on somewhat different grounds, that the officers' initial warrantless viewing of the defendant's text messages could not be justified as an attempt to identify the owner of lost property, its order of suppression is affirmed and the case is remanded for further proceedings.

Justice EID dissents.

Justice EID, dissenting.

Because the cell phone in this case was abandoned by the defendant, he had no legitimate expectation of privacy in its contents. *See People v. Morrison,* 583 P.2d 924, 926, 196 Colo. 319, 322 (1978) (no legitimate expectation of privacy in abandoned property). I therefore respectfully dissent from the majority's opinion affirming the trial court's suppression order.

The defendant left the cell phone in a public restroom of a convenience store. When he could not get back into the restroom because it was locked, he spoke to the store clerk. The clerk informed him that he was too busy at the time to retrieve it, and told the defendant he would have to come back later. At that point, the defendant left the convenience store.

Significantly, the defendant left the store without making any arrangements with the clerk for recovering the phone. He did not ask the clerk to retrieve the phone, nor did the clerk make such a promise. He did not inquire into when the clerk would no longer be busy. He did not leave his name or a way in which he could be contacted if the phone were retrieved. Nor did he ever return to the convenience store.[1] In sum, the defendant left the convenience store despite the fact that his phone was in a public space that was only temporarily locked. *See United States v. Moroney,* 220 F.Supp.2d 52, 57 (D.Mass.2002) (holding that defendant aban-

---

1. The trial court record does not indicate that the defendant ever returned to the store in search of his phone; his only attempt to retrieve the phone came almost eighteen hours later when he came to the police department after the officer had indicated to callers that the phone was in the possession of police.

doned items in public restroom when he exited restroom after being ordered to do so by police; "A [restaurant] restroom is not a private place, since clients of the restaurant often frequent the restroom and share the bathroom space with other clients, often strangers."); *see also New York v. Burger,* 482 U.S. 691, 700, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) ("An expectation of privacy in commercial premises … is different from, and indeed less than, a similar expectation in an individual's home."); *United States v. Hill,* 393 F.3d 839, 841 (8th Cir.2005) (finding no expectation of privacy in public restroom where officer used toolkit to unlock restroom door and subsequently discovered evidence of illegal activity). In my view, by leaving the convenience store without making any arrangements for recovery of the cell phone left in a public restroom, defendant abandoned the phone. Accordingly, I would reverse the district court's suppression order.