Anthony Glenn ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–89–124–CR.

Court of Appeals of Texas,
Texarkana.

Sept. 18, 1990.

Robert B. Ardis, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Anthony Glenn Ross was convicted of possessing a controlled substance. His punishment, enhanced by previous convictions, was assessed at ninety-nine years' imprisonment. In this appeal, Ross contends that there was insufficient evidence to support his conviction and that the trial court improperly admitted the contraband into evidence because it was the product of an illegal arrest. We overrule these contentions and affirm the judgment.

█ In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989). The State's case here rests on circumstantial evidence. A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190 (Tex.Crim.App.1984).

█ The essential elements of the offense are that Ross exercised control over the contraband and knew the matter he possessed was a controlled substance. *Cude v. State,* 716 S.W.2d 46 (Tex.Crim. App.1986); *Oaks v. State,* 642 S.W.2d 174 (Tex.Crim.App.1982).

█ The State's evidence showed that on July 12, 1989, Sulphur Springs police officers prepared to execute a warrant to search for crack cocaine allegedly contained in an apartment located at 728 Calvert Street. The warrant listed Ross as a person to be found at the apartment. Additionally, the police had been informed by a reliable informant that Ross possessed a stolen .38 calibre pistol. As the officers were approaching the apartment, Officer Pehl saw Ross coming down the stairwell from the apartment. Pehl saw Ross reach into his pocket. Pehl ordered Ross to "freeze." Instead of stopping, Ross began to run from the area. Pehl gave chase, and as he was pursuing Ross, he saw him reach into his pocket and throw a dark-colored object into an open area. Pehl caught Ross, and they engaged in a struggle during which Ross tried to grab Pehl's gun. When Ross was subdued, the police sealed off the general area where the object had been thrown and conducted a search. Ross was the only other person in the area at the time. The only thing the officers could find which was dark colored or which in any way resembled the thrown object was a black eyeglasses case. It contained a small pipe for smoking crack cocaine and two plastic bags, one of which contained cocaine. The open area where the case was found contained no household trash; there were only a few loose cigarette butts and empty cigarette packages; and all items except the glasses case appeared to be old and to have lain out in the weather for some time.

We conclude that a rational trier of fact could have found from this evidence beyond a reasonable doubt that Ross possessed the cocaine and knew what it was.

█ Ross argues that because Officer Pehl did not immediately abandon his chase and start searching the area when he saw something thrown, the evidence failed to exclude other reasonable hypotheses for the location of the eyeglasses case. We disagree. The fact that the police did not immediately abandon pursuit and begin a search does not automatically break the connection between the accused and the contraband. The nexus between the accused and the contraband depends on the circumstances of the case. *See e.g., Noah v. State,* 495 S.W.2d 260 (Tex.Crim.App.

1973); *Floyd v. State*, 494 S.W.2d 828 (Tex. Crim.App.1973); *Raleigh v. State*, 740 S.W.2d 25 (Tex.App.–Houston [14th Dist.] 1987, no pet.); *Ray v. State*, 649 S.W.2d 142 (Tex.App.–Fort Worth 1983, pet. ref'd). The evidence here is sufficient to exclude every reasonable hypothesis except Ross' guilt.

Ross also contends that the eyeglasses case and its contents should have been excluded from evidence because they were products of an illegal arrest for possession of a stolen pistol.

◼ The discovery of the eyeglasses case was a result of Officer Pehl's initial attempt to detain Ross in an investigatory stop, not the result of Ross' arrest for possession of a stolen pistol, which occurred later. A police officer may conduct a reasonable search for weapons where he has reason to believe he is dealing with an armed and dangerous individual, even if he does not have probable cause to arrest the individual. He need not have proof that the person is armed; it is sufficient if a reasonably prudent person in the circumstances would be warranted in the belief that his safety or the safety of others was in danger. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The intrusion must be based on specific articulable facts which, in the light of the officer's experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion. *Anderson v. State*, 701 S.W.2d 868 (Tex.Crim.App.1985).

◼ Officer Pehl had sufficient articulable facts to warrant his investigative detention of Ross. He was acting under a warrant to search for crack cocaine, which named Ross as a person located at the suspect apartment; he had information from a reliable informant that Ross was in possession of a stolen pistol; and he testified he believed Ross was going for a gun when he saw him reach into his pocket. As Officer Pehl had properly initiated an investigatory stop and Ross' abandonment of the cocaine was not the result of any police misconduct, the contraband was not illegal-ly obtained and was properly admitted in evidence. *See United States v. McLaughlin*, 525 F.2d 517 (9th Cir.1975); *People v. Cooper*, 731 P.2d 781 (Colo.Ct.App.1986); *but cf.*, *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Beck*, 602 F.2d 726 (5th Cir.1979).

The judgment of the trial court is affirmed.