# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00258-CR

**Derek Watson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 0996019, HONORABLE JON WISSER, JUDGE PRESIDING**

---

Appellant Derek Watson appeals the district court=s March 19, 2001, judgment convicting him of murder. *See* Tex. Pen. Code Ann. ' 19.02(b)(1) (West 1994). Appellant contends that the district court erred by (1) granting the State=s challenge for cause to venire person Cooley; (2) denying appellant=s challenge for cause to venire person Boyd; (3) excluding evidence of the deceased=s aggressive or violent behavior; (4) denying appellant=s motion for mistrial; and (5) admitting evidence of appellant=s statements made after his arrest. We will affirm the judgment of the trial court.

## DISCUSSION

*Challenges for Cause*

In his first issue, appellant contends the trial court erred by granting the State=s challenge for cause to venire person Cooley. The trial court has considerable discretion in ruling on challenges for cause, and its rulings will not be reversed on appeal absent a clear abuse of that discretion. *Banda v. State*, 890

S.W.2d 42, 53-54 (Tex. Crim. App. 1994). An appellate court must review the entire record as a whole to determine whether there is support for the trial court=s rulings. *Id.* Great deference is given to the trial judge who is in the best position to observe the venire person=s demeanor and responses. *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993).

During jury voir dire, the State challenged venire person Cooley for cause after she imparted that she was uncertain of her ability to be a fair and impartial juror in light of two prior experiences between her son and police officers. She explained to the judge that her son had been beaten by police officers, that the incidents had caused her a great deal of stress, and that they were difficult to forget. When asked by the State whether she would be able to listen objectively to the police officers who would be testifying, she responded that she was unsure because the police had lied in one of her son=s cases: AIt=s there in my mind. But I would like to serve if you don=t mind, if you=re not afraid to let me. I just want to be fair with you . . . [b]ecause I know how it feels to have someone accused in the family of something that they didn=t do [sic].@

Although Cooley expressed that she might have a difficult time dismissing the incident from her mind when listening to the witnesses, the record reflects that she later indicated that she thought she could look at the case objectively. Appellant=s counsel told Cooley that her prior experiences with the police did not necessarily disqualify her from serving on the jury. He then asked Cooley if she would be able to look at the evidence impartially. She responded, A[G]iven what you are saying, yes.@ The State challenged Cooley for cause asserting that her past experiences made her biased against the State, and that

2

the State would therefore be held to a higher burden of proof. The trial court sustained the challenge for cause over appellant=s objection.

A person can be disqualified from serving on a jury if he or she is prejudiced or biased against a particular party or issue in the case. Tex. Gov=t Code Ann. ' 62.105(4) (West 1998); *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). ABias@ is an inclination toward one side of an issue over another, which implies that the juror in question will not be able to act with impartiality. *Arnold v. State*, 778 S.W.2d 172, 181 (Tex. App.CAustin 1989), *aff=d*, 853 S.W.2d 543 (Tex. Crim. App. 1993). A venire person is biased as a matter of law, and thus disqualified, if the record conclusively shows that the venire person=s state of mind led to the inference that she could not act impartially. *Molina v. Pigott*, 929 S.W.2d 538, 541 (Tex. App.CCorpus Christi 1996, writ denied).

Assuming without deciding that Cooley=s statements did not establish her bias as a matter of law, the trial court had discretion to determine whether bias existed to such a degree that she should be disqualified. *Anderson*, 633 S.W.2d at 853-54 (Tex. Crim. App. 1982). A trial court has considerable discretion to find, or to refuse to find, facts that would justify a venire person=s disqualification, particularly with regard to one who gives conflicting responses. *Perry v. State*, 864 S.W.2d 794, 795 (Tex. App.CFort Worth 1993, no pet.). Further, a venire person=s bias need not be proven with unmistakable clarity. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Based upon the responses, a trial judge may be left with the impression that a potential juror will be unable to apply the law impartially, and an appellate court should defer to the trial judge who observes and hears the juror. *Sosa v. State*, 769 S.W.2d 909, 918 (Tex. Crim. App. 1989). It is within the trial court=s discretion to disqualify a venire

**3**

person whose past experiences may affect the person=s ability to listen objectively to the evidence presented. *Burton v. State*, 805 S.W.2d 564, 568-69 (Tex. App.CDallas 1991, pet. ref=d).

One court of appeals has specifically noted that

> [w]here a prospective juror has a family member who has been convicted of a crime and states that he is unsure of his ability to be a fair and impartial juror in light of what he or his family have [sic] suffered, the courts have held the prospective juror to be disqualified even though he may later state under further questioning that he can be a fair and impartial juror.

*Id.* In light of Cooley=s responses during her voir dire examination, we cannot say that the trial court abused its discretion in striking her.

Even if the trial court abused its discretion by striking Cooley, it is well settled that Athe erroneous excusing of a venire member will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury.@ *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998). Appellant has not alleged and the record does not reflect that he was deprived of a lawfully constituted jury; accordingly, we overrule appellant=s first issue.

In his second issue, appellant alleges that the trial court erred in denying his challenge for cause to venire person Boyd who conveyed to the court that he had a hearing impairment. Specifically, Boyd imparted that although he wore hearing aids in both ears, he might have difficulty understanding statements made during the proceedings. The trial court responded that the courtroom maintained high quality speakers on each bench and that Boyd=s impairment should not be a problem. After appellant asked Boyd if his inability to hear would affect his ability to sit on the jury and hear the evidence, Boyd replied that it might. He stated, A[W]ith a microphone, I hear fine[,] [but] when you people stand in front and talk

**4**

sometimes I hear but don=t distinguish some tones, especially women.@ The trial judge overruled appellant=s challenge for cause in light of Boyd=s assurance that he could hear with the aid of the courtroom=s speaker system.

After the jury had been seated, appellant asked the court to grant him an additional peremptory challenge, asserting that he was forced to use his last peremptory challenge on Boyd and was thereby forced to accept an unnamed juror on the panel whom he otherwise would have struck. The trial court overruled appellant=s request for an additional peremptory challenge.

A defendant preserves a complaint for review by showing that he: (1) exhausted his peremptory strikes, (2) asked for and was refused additional peremptory strikes, (3) identified a specific member of the jury as objectionable, and (4) claimed that he was forced to take the identifiable objectionable juror whom he would not have otherwise accepted had the trial court granted his challenge for cause. *Broussard v. State*, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995); *Hallett v. Houston N.W. Med. Ctr.*, 689 S.W.2d 888, 890 (Tex. 1985).

**The record reflects that appellant did not ask for an additional strike at the time the challenge was overruled; after the panel was seated but before it was sworn, he informed the court that he had exhausted all of his strikes and asked for an additional strike because he had been forced to use one on Boyd. However, although he complained generally that an objectionable juror was seated, he neglected to identify the specific venire person he considered objectionable and upon whom he would have exercised such a challenge. Appellant therefore**

5

failed to demonstrate the need for an additional peremptory strike and has not preserved error for review by this court. *See Broussard*, 910 S.W.2d at 956-57.

Even if appellant had preserved the error, we cannot say that the trial court abused its discretion by refusing to disqualify Boyd. Appellant cites two cases for the proposition that a party can challenge for cause a venire person with a hearing impairment. *See Nobles v. State*, 843 S.W.2d 503, 515-16 (Tex. Crim. App. 1992); *Woolls v. State*, 665 S.W.2d 455, 465 (Tex. Crim. App. 1983). However, unlike the present case, neither of those cases involved the use of courtroom microphones and speakers to remedy the venire person=s hearing impairment and enhance his ability to hear adequately. In this case, the record reflects that Boyd unequivocally stated, A[W]ith a microphone I hear fine.@ Therefore, we cannot say that the trial court abused its discretion in refusing to strike Boyd. Accordingly, we overrule appellant=s second issue.[1]

*Exclusion of Character Evidence*

In his third issue, appellant contends that the trial court erred by excluding evidence of the deceased=s aggressive or violent character to support appellant=s claim of self

---

[1] Appellant asserts for the first time on appeal that Travis County district courts do not provide for the use of microphones during voir dire, implying that Boyd was unable to hear the attorneys during the examination. However, appellant failed to raise this argument to the trial court, and the record does not reflect Boyd=s inability to hear during voir dire. Furthermore, appellant has failed to allege or show harm resulting from Boyd=s presence on the venire during voir dire.

defense. The admission or exclusion of evidence is a matter within the sound discretion of the trial court. *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim. App. 1979). Error in the admission or exclusion of evidence is subject to the harmless error rule. Tex. R. Evid. 103; *Hepner v. State*, 966 S.W.2d 153, 160 (Tex. App.CAustin 1998, no pet.). If the error does not affect a substantial right of the defendant, it must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury=s verdict. *King v. State*, 953 S. W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Specifically, appellant contends that the trial court erred by excluding evidence of the deceased=s prior acts of aggression or violence because such evidence was admissible under the theories of Afirst aggressor@ and Aneed to protect.@ However, the record reflects that the trial court never made the ruling appellant complains of on appeal; the court=s ruling is clearly limited to sustaining the State=s objection to any questions or evidence relating specifically to the deceased=s *parole* status:

> The Court at this juncture sustains the State=s objection to questions or informing the jurors in any manner that the deceased is on parole. However, the defense is at liberty to question the witness about any other aspects of the relationship between the defense [sic] and the deceased that are admissible and any threats that passed between the two of them that you want to ask. Was the defendant threatening to have the deceased arrested? That=s permitted. I think at this point we should just avoid saying it was over parole until we can ascertain whether that=s admissible, just being on parole with a prior record . . . .

Further, our review of the record reveals that appellant=s subsequent attempt to introduce evidence of the deceased=s prior acts of aggression or violence failed:

Q. Okay. On the night of October 19th into the morning of October 20th did Freddy Harris at any point threaten to kill Derek Watson?

A. No.
Q. Did C Well, Your Honor, I=ll pass the witness.

Because the record reflects that the trial court permitted appellant to question a witness concerning the deceased=s prior acts of violence or aggression, and because the trial court=s ruling only restricted evidence of the deceased=s parole, we overrule appellant=s third issue.

*Motion for Mistrial*

In his fourth issue, appellant contends that the trial court erred by denying his motion for mistrial because of the State=s violation of his motion in limine. Specifically, appellant contends and the record reflects that the State violated his motion in limine twice by failing to instruct its witnesses not to mention that there was a warrant for appellant=s arrest on the night of the shooting.

The denial of a motion for mistrial is reviewed under the abuse of discretion standard. *Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

8

Appellant does not challenge the admissibility of the warrant for his arrest on the night of the shooting. He challenges only the failure to grant a mistrial for the State=s violation of his motion in limine. The motion itself preserves no error. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). Therefore, appellant has waived any error. A motion in limine lies in the exercise of the court=s decision. *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972) (holding remedy for violation of motion in limine rests with trial court).[2] The court found and the record reflects that the violations were inadvertant.[3] Appellant has made no showing of an abuse of discretion. Accordingly, his fourth issue is overruled.

*Admission of Appellant=s Statements*

---

[2] The record reflects that the trial court instructed the jury to disregard the complained of testimony. *See Barney v. State*, 698 S.W.2d 114, 125 (Tex. Crim. App. 1985) (holding instruction to disregard is generally sufficient to cure error when evidence is placed before jury in violation of motion in limine).

[3] We are troubled by the fact that the State failed to instruct its witnesses not to refer to appellant=s warrant after the court=s instruction to do so. However, the record reflects that the officer=s testimony that served as the basis for appellant=s motion for mistrial did not state that *appellant* had a warrant on the night of the shooting:

> I was dispatched to the call. And I didn=t realize it, but apparently officers were out there earlier in the night. And the officers that were out there earlier in the night radioed me explaining to me that they were out on a**C**on a fight or some kind of disturbance out there, and they informed me that *one of the parties* that was involved had a felony warrant for his arrest.

(Emphasis added.) Because the testimony did not specify that appellant had a warrant on the night of the shooting, we cannot say that the trial court abused its discretion in denying appellant=s request for a mistrial.

In his fifth and final issue, appellant contends that the trial court erred by admitting statements he made to police officers after his arrest. As stated above, the admission or exclusion of evidence is a matter within the sound discretion of the trial court. *Jackson*, 575 S.W.2d at 570. A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Montgomery*, 810 S.W.2d at 391. This Court may not reverse for abuse of discretion merely because we disagree with the decision of the trial court. *See id*.

Appellant specifically contends that the trial court erred by admitting his statement to the effect that he killed the deceased and had intentions of killing his girlfriend. Appellant made the statement while in custody; the trial court overruled appellant=s objection on the ground that it was not made as a result of police interrogation.

Custodial interrogation involves questioning initiated by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Shiftlet v. State*, 732 S.W.2d 622, 624 (Tex. Crim. App. 1985). If, while in custody, an accused makes a statement freely, voluntarily, without compulsion or persuasion, and not in response to interrogation, it is admissible against the accused. *Id.*; *East v. State*, 702 S.W.2d 606, 614 (Tex. Crim. App. 1985).

The record reflects that appellant requested an attorney upon his arrival at the Austin Police Department and that the officers ceased questioning him. Sometime later, an officer returned to the interrogation room to swab appellant=s hands for forensic testing purposes.

10

At that time, appellant initiated a conversation with the officer and stated that he killed the deceased and intended to kill his girlfriend:

> The Court: [M]y recollection was that it was [appellant] who initiates the conversation about the offense for which he=s on trial while the officer was doing that test, and I think [appellant]=s initiating most of that conversation. But certainly I would think thatCyou know, thatCI don=t see that the officer engaged in any lengthy harange [sic] or made remarks designed to elicit responses from [appellant] on this case prior to [appellant]=s engaging in a discussion of it.

Because the record reflects that appellant did not make the statement at issue as a result of interrogation,[4] we cannot say that the trial court abused its discretion by admitting it. Accordingly, appellant=s fifth issue is overruled.[5]

## CONCLUSION

We overrule appellant=s issues on appeal and therefore affirm the judgment of the trial court.

---

[4] The record reflects that appellant=s counsel conceded that some of appellant=s statements were not made as a result of custodial interrogation. Further, appellant=s counsel did not specify which statements, if any, were made in response to comments designed to elicit them. *See* Tex. R. App. P. 33.1(a)(1)(A).

[5] Appellant=s failure to show that the trial court abused its discretion by admitting the statement is further supported by the remarks of appellant=s counsel at trial: ASo here we are talking about something that=s very close, and they=re seeking to introduce something that is clearly custodial and *arguably* in violation of his explicit request for counsel.@ (Emphasis added.) Because the statement was, by appellant=s own terms, only arguably in violation of appellant=s request for counsel, we cannot say that the trial court abused its discretion in admitting it.

**Marilyn Aboussie, Chief Justice**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   August 8, 2002

Do Not Publish